Thomas G. Stacy (Zuckerman, Spaeder, Goldstein, Taylor & Kolker, Washington, D.C., on brief), for appellant.

William G. Otis, Asst. U.S. Atty. (Justin W. Williams, U.S. Atty., Alexandria, Va., on brief), for appellee.

Before WIDENER, MURNAGHAN, and ERVIN, Circuit Judges.

MURNAGHAN, Circuit Judge:

Larry J. Haley ("Haley") appeals the decision of the district court denying his motion for withdrawal of his guilty plea under Fed.R.Crim.P. 32(d). Haley had been indicted under 18 U.S.C. § 1001 and 18 U.S.C. § 1010 for making false statements to a department or agency of the United States. Specifically, Haley was charged

**UNITED STATES of America, Appellee,**

v.

**Larry J. HALEY, Appellant.**

No. 86–5517.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 7, 1986.

Decided March· 6, 1986.

with paying a third party, Arthur Rubins, $2,000 to obtain mortgage insurance under the National Housing Act from the Department of Housing and Urban Development ("HUD") in conjunction with a mortgage for a house which Haley owned in Alexandria, Virginia. Haley, who was not entitled to such insurance, put title to the house in Rubins' name and had Rubins represent to HUD that the house belonged to him. A false sales contract was drawn up which said that Rubins had made a $4,000 down payment on the house. In fact Rubins made no such deposit nor did he occupy the house. HUD approved the mortgage insurance and, when no payments were made on the mortgage, foreclosed at a loss.

On December 17, 1985, pursuant to a plea bargaining agreement, Haley agreed to plead guilty to one count of violating 18 U.S.C. § 1001 after the district court conducted a full hearing on the voluntariness of his plea under Fed.R.Crim.P. 11. Over the next month, Haley had misgivings about his plea. At a hearing held on January 24, 1986, Haley asserted his innocence and advanced a "defense" for his actions, namely, that his payment to Rubins was fair consideration for an asserted option to repurchase his home.

The district court denied Haley's motion to change his plea to *nolo contendere*, or, alternatively to not guilty. The Government admitted it would not be prejudiced by a withdrawal of the guilty plea, but the court determined that Haley had not shown "any fair and just reason" for such a change and noted that Haley had knowingly, intelligently and voluntarily entered his guilty plea. The district court noted that Haley had known all the facts of his supposed defense at the time he made his guilty plea. Haley was sentenced to two years' imprisonment, with all but sixty days suspended. He was also ordered to make $10,000 restitution. Haley subsequently appealed from the refusal of the district court to allow him to withdraw his guilty plea.

Under Fed.R.Crim.P. 32(d),

If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed ... the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason.

When the rule was amended in 1983, the advisory committee note to the amendment stated that "it is made clear that the defendant [under the amended version] has the burden of showing a 'fair and just' reason for withdrawal of the plea." Only after "the defendant establishes such a reason, ... is [it] then appropriate to consider whether the government would be prejudiced by withdrawal of the plea." The advisory committee note also stated that the amendment of Rule 32(d) was meant to reject the interpretation of withdrawal of pleas expressed in our decisions in *United States v. Savage*, 561 F.2d 554 (4th Cir. 1977) and *United States v. Strauss*, 563 F.2d 127 (4th Cir.1977). Those decisions allowed for the withdrawal of a plea prior to sentencing " 'unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea.' " *Savage*, 563 F.2d at 130, quoting 2 C. Wright, *Federal Practice and Procedure* § 538, at 474–75 (1969). The advisory committee further stated that "the great care with which pleas are taken under this Revised Rule 11" now means that a plea is not to be withdrawn unless the defendant can show a "fair and just reason" for doing so, even in the absence of prejudice to the Government. Fed.R.Crim.P. 32(d) advisory committee note, 1983 amendment.

We cannot say that the district court abused its discretion in refusing to allow Haley to withdraw his guilty plea. The facts of Haley's proffered "defense" were, as the district court noted, known to Haley at the time he entered his plea. Additionally, that defense does not negative any element of the false statements charge. Indeed, at oral argument before us, Haley's counsel stated that he would be satisfied with action limiting him to substitution of a

plea of *nolo contendere* and not permitting entry of a plea of not guilty, if withdrawal were allowed. For the aforementioned reasons, the judgment of the district court is

AFFIRMED.