798 F.2d 1409
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Keith A. CAMPBELL, Appellant.
 No. 85-5295.
 United States Court of Appeals, Fourth Circuit.
 Argued July 18, 1986.
Decided Aug. 26, 1986.
 
 James C. Clark (Land, Clark, Carroll & Mendelson, P.C. on brief), for appellant.
 James M. Sullivan, Special Assistant United States Attorney (Justin W.Williams, United States Attorney on brief), for appellee.
 E.D.Va.
 AFFIRMED.
 Before HALL and SPROUSE, Circuit Judges, and WILLIAMS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Keith A. Campbell appeals from the district court's denial of his motion for withdrawal of his guilty plea under Rule 32(d) of the Federal Rules of Criminal Procedure. We affirm.
 
 
 2
 A federal grand jury indicted Campbell in September 1985 on two counts of mail fraud in violation of 18 U.S.C. Sec. 1341 (1982). The district court initially released Campbell from incarceration on a third-party custody bond; however, the court revoked the bond on November 8, 1985 after Campbell violated the conditions of his release. On November 12, 1985, pursuant to a written plea bargain agreement, Campbell pled guilty to count 2 of the indictment, and the Government dismissed count 1. During the hearing required by Rule 11 of the Federal Rules of Criminal Procedure on the voluntariness of his plea, Campbell stated that one of the principal reasons he was pleading guilty was his hope that the bond would be reinstated. The district court advised Campbell in terms so certain that they could not have been misunderstood that his plea would in no way affect the court's decision on his pending motion to reinstate the bond. The court, just as clearly and with a certainty that left no room for interpretation, advised Campbell of his right to trial and of all the other rights which were available to him. Campbell, a thirty-four year old man with four years of college education, reiterated that he understood his rights and the court's admonition that his guilty plea would have no affect on the court's decision concerning bond. The district court accepted Campbell's guilty plea. The court later denied Campbell's motion for reinstatement of bond, and Campbell immediately moved to withdraw his guilty plea.
 
 
 3
 Following a hearing on November 22, 1985, the district court denied Campbell's motion to withdraw his guilty plea on the ground that he had not shown a "fair and just reason" for doing so. Fed. R. Crim. P. 32(d) . We agree with the district court that Campbell's contention that he mistakenly believed that his guilty plea would increase his chances of being released on bond is not a fair and just reason for allowing the withdrawal of his plea. See United States v. Haley, 784 F.2d 1218 (4th Cir. 1986). The decision of the district court, therefore, is affirmed.
 
 
 4
 AFFIRMED.