861 F.2d 266
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harry Ira BARNETT, Defendant-Appellant.
 No. 88-5034.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 30, 1988.
Decided: Oct. 20, 1988.
 
 Charles G. Bernstein (Bernstein, Sakellaris & Ward), for appellant.
 Breckinridge L. Willcox, United States Attorney, E. Thomas Roberts (Office of the United States Attorney), for appellee.
 Before DONALD RUSSELL, MURNAGHAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Harry Ira Barnett appeals the order of the district court denying his motion to withdraw his guilty plea, and the judgment of conviction entered pursuant to his plea of guilty to conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. Sec. 846 and 18 U.S.C. Sec. 2. On appeal Barnett contends that the district court abused its discretion in denying his motion to withdraw his guilty plea on the grounds that Barnett was forced to enter it on the Jewish religious holiday of Rosh Hashannah.
 
 
 2
 Barnett was originally indicted on December 19, 1986, and charged with conspiracy to distribute cocaine and distribution of cocaine. A superseding indictment was filed on February 6, 1987. Although trial was originally scheduled for July 20, 1987, Barnett moved for and was granted a continuance until September 28, 1987. A pretrial motions hearing was scheduled for Friday, September 25, 1987. At the hearing Barnett, by appointed counsel, requested additional time in order for Barnett to attempt to retain counsel. The district court declined to grant Barnett a continuance for that purpose. Barnett then moved the court for a continuance based on the fact that September 25th was the second day of the Jewish holiday Rosh Hashannah. Because the trial was scheduled for the following Monday the court declined to postpone the motions hearing.
 
 
 3
 Counsel then requested a short recess to permit further discussion of a plea agreement which had been discussed in detail on earlier occasions. Apparently it was of critical importance that if a plea was to be entered, it be entered before the motions hearing.
 
 
 4
 Having failed to obtain a continuance of the motions hearing, Barnett elected to plead guilty pursuant to the plea agreement. After conducting a lengthy Rule 11, Fed.R.Crim.P., colloquy, the court concluded that the plea was knowingly, voluntarily, and intelligently entered and accepted the plea. Over four and a half months later, just prior to the sentencing hearing, Barnett moved to withdraw the guilty plea, claiming that (1) his First Amendment right to the free exercise of religion had been violated by his being forced to enter a guilty plea on the Jewish holiday Rosh Hashannah; and (2) because of the trial court's refusal to grant a continuance based on the religious holiday, his guilty plea was involuntary. The court denied the motion after a hearing.
 
 
 5
 Barnett urges this Court to find that his First Amendment right to the free exercise of religion was violated when he was forced to either go forward on his motions at the motion hearing or accept a plea agreement. Because the guilty plea was taken on a religious holiday the district court, in Barnett's view, should have granted his subsequent motion to withdraw the guilty plea.
 
 
 6
 We decline to find a First Amendment violation. We are, on the present record, persuaded that Judge Murray would have granted a continuance had the motion for a continuance been made timely instead of on the day of the motions hearing.* We find no abuse of discretion in the district court's refusal to allow Barnett to withdraw his guilty plea because it was entered on Rosh Hashannah. Barnett has not shown, on these facts, a fair and just reason for the relief he seeks. See United States v. Haley, 784 F.2d 1218 (4th Cir.1986). We have carefully examined the record in this case, including the lengthy colloquy at the Rule 11 hearing, and find that it amply demonstrates that Barnett's plea was knowingly, intelligently, and voluntarily given.
 
 
 7
 Finding that the facts and legal arguments are adequately presented in the briefs and record, that the decisional process would not be aided significantly by oral argument, and that Barnett's contentions are without merit, we dispense with oral argument pursuant to Fed.R.App.P. 34(a) and Loc.R. 34(a) and affirm the judgment of the district court.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Barnett, represented by different counsel on appeal, alleges that his appointed counsel's representation was deficient. We decline to consider these allegations of deficient representation on direct appeal. Such claims can best be raised in a 28 U.S.C. Sec. 2255 motion. Such a proceeding would provide previous counsel the opportunity to respond to Barnett's allegations and would permit the development of a record to assist the Court of Appeals in its review. United States v. Lurz, 666 F.2d 69, 78 (4th Cir.1981), cert. denied, 459 U.S. 843 (1982)