889 F.2d 1085
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ken Kosta STANOJEVICH, Defendant-Appellant.
 No. 89-5504.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 11, 1989.
Decided Oct. 31, 1989.
 
 Thomas D. Hughes, IV, for appellant.
 Henry E. Hudson, United States Attorney, Constance H. Fogale, Assistant United States Attorney, for appellee.
 Before PHILLIPS, CHAPMAN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ken Stanojevich appeals from the district court's denial of his motion to withdraw a guilty plea and from his subsequent convictions on one count of wire fraud, 18 U.S.C. Sec. 1343, and one count of conspiracy, 18 U.S.C. Sec. 371. The district court acted within its discretion in denying Stanojevich's motion. Accordingly, we affirm Stanojevich's convictions on both counts.
 
 
 2
 In June 1988, a grand jury charged Stanojevich in a twenty-one count indictment alleging conspiracy, mail and wire fraud, and transportation of stolen money in interstate and foreign commerce. Through counsel, Stanojevich negotiated a plea agreement with the government whereby he would plead guilty to one count of wire fraud and one count of mail fraud in return for the government's dismissal of the other charges against him. On September 2, 1988, the district court accepted Stanojevich's guilty plea on the two charges, dismissed the other charges in the indictment, and scheduled sentencing for October 14.
 
 
 3
 After Stanojevich's plea was accepted, but before sentencing, the government notified the fifty-six witnesses it had subpoenaed from around the country and around the world that they were no longer needed to testify. The government also disassembled its prosecution team, one member of which then returned to the Department of Justice and another to the Securities and Exchange Commission.
 
 
 4
 On October 14, the day of sentencing, Stanojevich moved in open court to withdraw his guilty plea. The court continued the case and scheduled a hearing on the motion for October 28. Then, on October 17, an Assistant United States Attorney who had participated in the prosecution received a letter from Stanojevich, written from his prison cell at the Alexandria Detention Center. In the letter, which he had hoped would be kept secret, Stanojevich offered to drop his motion to withdraw the guilty plea if the government would in turn drop the conspiracy charge and reduce substantially both his prison term and restitution.
 
 
 5
 In an order dated November 17, the court denied Stanojevich's motion to withdraw his plea and, after denying a later supplementary motion to withdraw the plea, sentenced him to four years on each count, to run concurrently with each other but consecutively to any sentence previously imposed. The court also ordered Stanojevich to pay $154,335 in restitution.
 
 
 6
 This appeal followed.
 
 
 7
 Stanojevich argues that this court should reverse the denial of his motion because he received ineffective assistance of counsel during his plea negotiation and because he claims innocence of the charges. Both of these arguments are without merit.
 
 
 8
 Under Federal Rule of Criminal Procedure 32(d), a court may permit withdrawal of a guilty plea "upon a showing by the defendant of any fair and just reason." The court in ruling on such a motion should consider the thoroughness of the plea colloquy, the quality of the defendant's representation, the defendant's mental condition, and whether the defendant has asserted innocence. See United States v. Strauss, 563 F.2d 127, 131 (4th Cir.1977). A district court's findings regarding these factors must stand unless clearly erroneous, United States v. Ray, 828 F.2d 399, 422 (7th Cir.1987), and an ultimate denial of the motion must then stand unless the district court has abused its discretion, United States v. Haley, 784 F.2d 1218, 1219 (4th Cir.1986).
 
 
 9
 The district court did not abuse its discretion in denying Stanojevich's motion. Our review of the record confirms the district court's findings that Stanojevich was well represented throughout the plea bargaining process and during the meticulously conducted plea hearing. Indeed, when asked directly about the adequacy of his legal representation at the plea hearing, Stanojevich stated that he was satisfied with his representation.
 
 
 10
 We also find no abuse of discretion in the district court's decision to deny the motion in the face of Stanojevich's claim of innocence. The district court found that claim, argued for the first time at the October 28 hearing on the motion to withdraw, incredible in view of Stanojevich's numerous assertions of his guilt at the plea hearing and at a posthearing debriefing.
 
 
 11
 We need not discuss either Stanojevich's probable motive in moving to withdraw his plea in the first place or the very substantial prejudice to the government that would result from a reversal of the denial of the motion. We simply affirm the district court's sound exercise of discretion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 12
 AFFIRMED.