907 F.2d 1140
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Nathaniel HAMRICK, Jr., a/k/a J. Nat Hamrick,
Defendant-Appellant.
 No. 89-5652.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 7, 1990.
Decided June 12, 1990.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Shelby. Robert D. Potter, Chief District Judge. (CR-88-116)
 John Allen O'Leary, O'Leary Associates, Inc., Columbia, S.C., for appellant.
 Carl Horn, III, Chief Assistant United States Attorney, Charlotte, N.C., for appellee.
 W.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, and MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 James Nathaniel Hamrick, Jr., appeals from a judgment of the district court entered after his guilty plea to one count of mail fraud and aiding and abetting the same. 18 U.S.C. Secs. 1341 and 2. He was sentenced under the Sentencing Guidelines[1] to eighteen months imprisonment and was ordered to make restitution. On appeal, Hamrick contends the court erred in not permitting him to withdraw his guilty plea and that his right to effective assistance of counsel was violated when his attorney was not allowed to withdraw from representing him. We affirm.
 
 
 2
 Hamrick and his wife, Noreen Lehne Hamrick, owned and operated Sporting Goods Export Company, a corporation which also did business as "Antique Arms Arsenal." In late 1988 they were charged in a thirty-five count indictment with engaging in a criminal scheme which involved soliciting orders for firearms, keeping the customers' money, and either not filling the orders or filling them with inferior merchandise. They were charged with using the telephone and the mails (including massive interstate advertising solicitations) in perpetrating the scheme. A United States postal inspector testified at one of the plea hearings that approximately ninety percent of all claimants involved received nothing after ordering guns from the defendants and that the remaining ten percent had received only defective merchandise.
 
 
 3
 Hamrick executed a plea agreement and, after a Rule 11 inquiry on January 30, 1989, pled guilty to one count of the indictment. The government agreed to dismiss the other thirty-four counts and to recommend probation. Hamrick agreed, among other things, to comply with the terms of his wife's plea agreement, which included the following provisions:
 
 
 4
 2. The defendant, NOREEN LEHNE HAMRICK, will immediately remit $100,000 to her attorney, Charles A. Horn, to be held in his law firm's trust account according to the following terms and conditions:
 
 
 5
 a. The defendant, NOREEN LEHNE HAMRICK and her husband, Defendant James Nathaniel Hamrick, Jr., will have until December 31, 1988 to satisfy any and all customers who have ordered guns or gun accessories by filling orders with said guns or accessories.
 
 
 6
 b. Any customer who prefers a refund to receiving the guns or gun accessories formerly ordered shall be entitled to said refund, assuming a request for refund is made within ninety (90) days of receipt of the subject merchandise.
 
 
 7
 c. Any outstanding orders as of January 1, 1989 shall be refunded in cash in full. No guns or gun accessories are to be mailed after December 31, 1988.
 
 
 8
 d. Those customers receiving guns or gun accessories on or before December 31, 1988 in fulfillment of outstanding orders shall have ninety (90) days to return said items for a full refund.
 
 
 9
 e. On March 31, 1989, or when the last known customer's refund is paid, whichever shall last occur, all but $20,000 of the balance of said $100,000 shall be returned to the Defendant NOREEN LEHNE HAMRICK.
 
 
 10
 f. The remaining $20,000 will be used to pay any additional claims which may subsequently come to light for a period of six (6) months from the date identified in Paragraph (e). Any balance remaining at the end of said six (6) months period will be returned to the Defendant NOREEN LEHNE HAMRICK.
 
 
 11
 3. No new orders will be solicited or accepted by Sporting Goods Export Company/Antique Arms Arsenal, effective immediately. The business names "Sporting Goods Export Company" and "Antique Arms Arsenal" shall no longer be used, also effective immediately, except to fill existing orders between the date of this Agreement and December 31, 1988.
 
 
 12
 4. The Defendant and her husband, James Nathaniel Hamrick, Jr., will not engage in mail order business of any kind for a period of five (5) years from the date of this Plea Agreement.
 
 
 13
 5. The United States will dismiss all charges against Defendant NOREEN LEHNE HAMRICK in the Bill of Indictment in January, 1989 or once all known customers are satisfied as provided herein, whichever shall last occur.
 
 
 14
 6. The Defendant James Nathaniel Hamrick, Jr., will be tried as charged in the Bill of Indictment on a date to be determined by the Court, probably in February, 1989....
 
 
 15
 In April of 1989, the government informed Hamrick that it would not recommend probation because he was not complying with the terms of the plea agreement. Hamrick then attempted to withdraw his guilty plea. After a hearing on the matter, the district court denied his motion.
 
 
 16
 Hamrick essentially raises two issues on appeal. He asserts the district court erred in refusing to allow him to withdraw his guilty plea because (a) the government breached its agreement to dismiss charges against his wife and to recommend probation for him, and (b) he had insufficient information to make a knowing and voluntary plea of guilt. He also contends that he was denied effective assistance of counsel because his attorney had a conflict of interest in representing both him and his wife. Considering the arguments together and in light of facts developed at the hearings below, we are persuaded that Hamrick's contentions on appeal are without merit.
 
 I. Withdrawal of Guilty Plea
 
 17
 Hamrick contends that the district court erred in denying his motion to withdraw his guilty plea, because the government breached its agreement to recommend probation and to drop charges against his wife. The government points to Hamrick's own failure to keep the terms of his agreement. At a May 25, 1989, hearing on the motion to withdraw, the government introduced evidence showing that there remained outstanding claims of $43,756.99 for which no money was left in the trust account. It showed that the Hamricks had not advised the government of 104 claims--instead the government's knowledge of the claims had come from postal inspectors and from individual claimants--and that Hamrick had falsely represented that claims had been satisfied when they in fact had not. The government also contended it would be substantially prejudiced if Hamrick were allowed to withdraw, because, in reliance on the plea agreement, the government had not maintained information relating to persons whose claims were paid and documents to which Hamrick was not entitled were handed over to his counsel. At the conclusion of the hearing, the district court denied Hamrick's motion to withdraw his plea, stating, "I think, if there has been a breach of this thing, it has been by [Hamrick]." The court then continued the proceedings to permit Hamrick's attorney to prepare for the sentencing hearing.
 
 
 18
 Rule 32(d) of the Federal Rules of Criminal Procedure provides:
 
 
 19
 If a motion for withdrawal of a plea of guilty ... is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason.
 
 
 20
 Thus, before the court can exercise its discretion to permit withdrawal, the defendant must show a fair and just reason. United States v. Haley, 784 F.2d 1218, 1219 (4th Cir.1986). In our view, the government's decision not to recommend probation and not to drop charges against Noreen Hamrick was justified by Hamrick's continued and contumacious breach of the plea agreement. Therefore, Hamrick's complaint that the government breached the plea agreement did not amount to a showing of a "fair and just reason" for permitting withdrawal. Furthermore, although not required to do so under the present Rule 32(d),[2] the government showed that it would be prejudiced if the court allowed Hamrick to withdraw his plea. Given these facts, we can not find that the district court abused its discretion in not permitting Hamrick to withdraw his guilty plea.
 
 
 21
 Hamrick also asserts he should have been allowed to withdraw his plea because he did not enter into this plea knowingly and voluntarily. The basis for this contention is the fact that, under the Sentencing Guidelines, the district court could not have given Hamrick probation unless the prosecutor moved for a downward adjustment. U.S.S.G. Secs. 5B1.1 & 5K1.1. Hamrick contends he should have been informed that he would be sentenced under the Guidelines and that the prosecutor would have to make a motion for downward departure--not just a recommendation as promised in the plea agreement.
 
 
 22
 We think this contention is without merit. The district court conducted a thorough Rule 11 hearing before accepting Hamrick's guilty plea. Hamrick was aware that the plea agreement was not a guarantee that he would receive probation and that the prosecutor's agreement to seek probation was conditioned on his own compliance with the terms of the agreement. In our view, the record fully supports a finding that Hamrick entered into the plea agreement both knowingly and voluntarily.
 
 II. Ineffective Assistance of Counsel
 
 23
 Hamrick contends that there was a conflict of interest in his attorney's representation of both him and his wife and that because of this conflict he received ineffective assistance of counsel. At the July 27, 1989, sentencing hearing the attorney asked permission to withdraw on the basis of this conflict of interest. The court did not allow the withdrawal, and the attorney proceeded to represent James Hamrick through that hearing.
 
 
 24
 Hamrick complains that his attorney's loyalty was primarily to his wife and that his attorney failed to make certain motions and to call certain witnesses. But, aside from counsel's argumentative assertions, the record shows no conflict and reflects that Hamrick was ably represented by his counsel. The attorney negotiated a plea agreement in which all but one of thirty-five counts were dismissed. He obtained a reduction in Hamrick's sentencing offense level for acceptance of responsibility--despite Hamrick's attempt to withdraw his plea--and convinced the court to reduce the restitution amount from $44,000 to $30,000. Although this court does not encourage dual representation of criminal defendants, at the Rule 11 hearing Hamrick acknowledged that he was "entirely satisfied" with the services of his attorney in negotiating the plea agreement. We agree with the government that counsel's performance certainly was not below an objective standard of reasonableness and that Hamrick was not prejudiced by the dual representation of him and his wife. See Hill v. Lockhart, 474 U.S. 52, 56-58 (1985) (holding that challenges to guilty pleas on grounds of ineffective assistance of counsel should be governed by the standard of Strickland v. Washington, 466 U.S. 668, 687-88 (1984)).
 
 
 25
 In view of the above, the judgment of the district court is
 
 
 26
 AFFIRMED.
 
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Oct. 1988)
 
 
 [2]
 The notes of the Advisory Committee on Rules indicate that the intent of amending Rule 32(d) was to reject our previous rule which had required the government to show prejudice before a court could deny a motion to withdraw. See Haley, 784 F.2d at 1219