923 F.2d 849
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Devan EDWARDS, Defendant-Appellant.
 No. 90-5621.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 21, 1990.
Decided Jan. 22, 1991.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, Chief District Judge. (CR-89-12-C)
 Fritz Y. Mercer, Jr., Charlotte, N.C., for appellant.
 Thomas J. Ashcraft, United States Attorney, Robert J. Conrad, Jr., Assistant United States Attorney, Charlotte, N.C., for appellee.
 W.D.N.C.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Donald Devan Edwards appeals from the district court's orders denying his motion to withdraw his guilty plea, entering judgment, and imposing sentence. We affirm.
 
 
 2
 In February 1989 a three-count indictment was handed down charging Edwards with violations of 21 U.S.C. Secs. 841(a)(1) and 846 and 18 U.S.C. Sec. 2. Edwards and the government entered into a plea agreement whereby Edwards agreed to plead guilty to the first count of the indictment, charging him with conspiracy to distribute, and to possess with intent to distribute, in excess of 500 grams of cocaine, and the government agreed to dismiss the remaining counts. In April the court conducted a thorough Rule 11 hearing at which Edwards pled guilty and the court accepted the plea.
 
 
 3
 A hearing on the factual basis for the plea and sentencing was set for May; however, Edwards failed to appear and remained a fugitive until November. When Edwards reappeared he moved to withdraw his guilty plea and his counsel moved to withdraw from representation. The court denied the first motion and granted the second. New counsel was appointed, the motion to withdraw the guilty plea was renewed and denied again, and in January 1990 Edwards received a sentence of 300 months under the Sentencing Guidelines. Edwards noticed a timely appeal.
 
 
 4
 Edwards raised three issues on appeal: (1) whether the decision not to allow withdrawal of the guilty plea was proper; (2) whether the district court had jurisdiction;[1] and (3) whether he had been improperly denied an opportunity to review his presentence report before sentencing.[2] Finding no merit in any of these contentions, we affirm.
 
 
 5
 Under Rule 32(d), Fed.R.Crim.P., the court may allow a defendant to withdraw his guilty plea upon a showing of "any fair and just reason." The defendant has the burden of showing a fair or just reason. United States v. Pitino, 887 F.2d 42, 46 (4th Cir.1989). This is true even where the government would not be prejudiced by the withdrawal. United States v. Haley, 784 F.2d 1218, 1219 (4th Cir.1986). Set forth in the Advisory Committee notes to the 1983 amendment to Rule 32(d) are factors to be considered in deciding a motion to withdraw, including whether the defendant has asserted his innocence and the amount of time which has passed between the taking of the plea and the motion to withdraw.
 
 
 6
 During the Rule 11 hearing Edwards acknowledged that he had had ample time to discuss the case with his attorney and had gone over with him possible defenses, that he fully understood the charges against him, that he was entirely satisfied with the services of his attorney, that he understood the maximum possible penalty, that he had the right to go to trial with all the concomitant protections and that he waived that right, that he had not been threatened or coerced into pleading guilty, that he understood the terms of the plea agreement, and that his plea was voluntary. The court also explained the application of the Sentencing Guidelines to his case.
 
 
 7
 Edwards's motion to withdraw the plea was filed more than nine months after the plea was taken. During a substantial portion of this time Edwards was absent from the jurisdiction as a fugitive. The only basis for withdrawal that was argued in the district court was that Edwards's initial trial counsel had formed the opinion that Edwards had no other choice but to plead guilty, and that Edwards "relied heavily" on this advice to his "detriment." Edwards's motion was filed well after the plea was taken, due to his being a fugitive, and it failed to allege that he was actually innocent. Both of these factors are relevant in determining a Rule 32(d) motion and both weigh against Edwards. The Rule 11 inquiry was exhaustive. Edwards has failed to enunciate any fair or just reason why the plea should have been withdrawn. Consequently, no abuse of discretion appears in the district court's denial of the motion.
 
 
 8
 The core of Edward's jurisdictional argument is his contention that the district court lacked both personal and subject matter jurisdiction over him because, he alleges, "the government must prove the existence of federal jurisdiction by showing U.S. ownership of the place where the crime was committed and state cession of jurisdiction." Consequently, as the present crime did not take place on federal property, the federal government cannot bring a criminal action against him. This contention is frivolous. See Abbate v. United States, 359 U.S. 187, 194 (1959). The district court properly exercised jurisdiction over this case.
 
 
 9
 Edwards contends that he was denied access to the presentence report before the sentencing hearing. This is not borne out by the testimony at the sentencing hearing. Edwards is either illiterate or has great difficulty reading. As a result, the presentence report was made available to Edwards through his attorney. At the sentencing hearing counsel stated that he had "spoken with [his] client going over the presentence report yesterday and spoke with him again this morning." Counsel also stated that he and Edwards went over the presentence report and counsel read it to him "word for word." Edwards has presented no evidence that his counsel's statements were inaccurate.
 
 
 10
 In conclusion, we find that the district court did not abuse its discretion in denying the motion to withdraw the guilty plea, that the district court properly exercised jurisdiction over this case, and that Edwards has failed to demonstrate that he did not have sufficient access to his presentence report. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 This issue was not raised in the district court. Ordinarily, issues not raised below will not be considered on appeal. Kinty v. United Mine Workers of America, 544 F.2d 706, 722 (4th Cir.1976), cert. denied, 429 U.S. 1093 (1977). This rule does not apply to challenges to the court's subject matter jurisdiction which may be raised at any time. North Carolina v. Ivory, 906 F.2d 999, 1000 n. 1 (4th Cir.1990)
 
 
 [2]
 Claims 2 and 3 were included in the brief by counsel at Edwards's request