923 F.2d 849
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary Vaughn O'Dell BOOTH, Defendant-Appellant.
 No. 90-5195.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 7, 1991.
Decided Jan. 29, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Walter E. Black, Jr., District Judge. (CR-89-14-B)
 Stanley H. Hellman, Hellman & Redmond, Towson, Md., for appellant.
 Breckinridge L. Willcox, United States Attorney, E. Thomas Roberts, Assistant United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Gary Booth appeals his conviction of three drug charges and tax evasion, contending that he should have been allowed to withdraw his guilty plea. We affirm.
 
 
 2
 Booth was initially arrested by state authorities in Georgia and was later turned over to federal agents after he negotiated a plea agreement. His first arraignment was terminated before he entered his plea when it became apparent that he had reservations about pleading guilty to the tax count and also thought he had been arrested illegally.
 
 
 3
 After further consultation with his lawyer and minor modifications to the plea agreement, Booth entered a plea of guilty to the four counts he was charged with on May 18, 1989. Just prior to this date, Booth sought a written promise from the government to recommend a five-year sentence in return for his cooperation, alleging that he had received an oral promise to this effect while he was still in Georgia. The government denied that any such offer had been made and refused to commit itself to make a five-year recommendation.
 
 
 4
 At the second plea hearing on May 18, 1989, the entire plea agreement was summarized aloud, and the government lawyer stated for the record that there was no promise to recommend a five-year sentence and no agreement about Booth's role in the offense. The government did agree to recommend a four-level downward departure if Booth gave substantial assistance. Booth agreed that the agreement as summarized was his understanding of the agreement.
 
 
 5
 Over a year later, after preparation of the presentence report, Booth attempted to withdraw his guilty plea. The presentence report recommended a three-level enhancement for Booth's role as a manager/supervisor in the offense and gave him a guidelines range of 188-235 months. This calculation did not take into account a possible downward departure for substantial assistance. Booth contended that he pled guilty in the belief that there was an unspoken agreement that, if he cooperated, there would be no enhancement for his leadership role and the government would recommend a five-year sentence. He also again raised questions about his initial arrest. After a lengthy hearing, the district court denied the motion.
 
 
 6
 Fed.R.Crim.P. 32(d) permits the withdrawal of a guilty plea before sentencing for any fair and just reason. See United States v. Haley, 784 F.2d 1218 (4th Cir.1986). The district court's decision to allow a withdrawal or not is reviewed for abuse of discretion. On appeal, Booth repeats the arguments he made in the district court. We find no abuse of discretion. Booth was fully informed about the terms of the plea agreement. He had no basis for believing that the government would act other than in accord with the terms of the written agreement. We therefore affirm the conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.