934 F.2d 320
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tyrone L. FRIESON, a/k/a Troop, Defendant-Appellant.
 No. 90-5650.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 29, 1991.
Decided June 5, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CR-89-117-2)
 John F. Potts, Toledo, Ohio, for appellant.
 Michael W. Carey, United States Attorney, Jacquelyn I. Custer, Assistant United States Attorney, Charleston, W.Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before K.K. HALL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Tyrone L. Frieson pled guilty to one count of distribution of crack cocaine (21 U.S.C. Sec. 841). He appeals the sentence he received and we affirm.
 
 
 2
 Frieson sold crack through runners or middlemen who returned the money to Frieson and were paid by him in money or drugs. Several co-defendants, a confidential informant, and a government agent testified at Frieson's lengthy sentencing hearing.
 
 
 3
 Frieson first contends that he was improperly denied a reduction in offense level for acceptance of responsibility. This is a factual finding reviewed for clear error. United States v. White, 875 F.2d 427, 431 (4th Cir.1989). Frieson argues that acknowledgement of guilt in the offense of conviction should be sufficient to earn the reduction, and suggests that we should reconsider our holding in United States v. Gordon, 895 F.2d 932 (4th Cir.), cert. denied, 59 U.S.L.W. 3247 (U.S.1990), in which we held that a defendant must accept responsibility for all his criminal conduct. We decline to do this. Our review of the sentencing hearing, especially the government's representation about Frieson's reluctance to provide information during his debriefing and Frieson's own statements to the district court, disclose that the district court's factual finding that Frieson had not accepted responsibility for his criminal conduct was not clearly erroneous.
 
 
 4
 Next Frieson disputes the district court's finding that he was an organizer or leader in a criminal activity involving more than five participants. We also review this factual determination for clear error, United States v. Sheffer, 896 F.2d 842, 846 (4th Cir.), cert. denied, 59 U.S.L.W. 3246 (U.S.1990), and find none, because there was evidence of participation by at least five people whose activities were directed by Frieson.
 
 
 5
 Frieson also maintains on appeal that the district court should have held an evidentiary hearing on the government's use of information about drug amounts in specific transactions which he alleged was first obtained during his debriefing. He argues that his plea agreement and U.S.S.G. Sec. 1B1.8 forbid such use in determining the guideline range. At the sentencing hearing, the government informed the district court that it had learned about the transactions and the amounts during interviews with two coconspirators (Parker and Cunningham) before Frieson decided to plead guilty. Frieson argued that these drug amounts should be excluded from consideration under Sec. 1B1.8 because the coconspirators' testimony was not credible or comprehensible until he corroborated it. The district court explored the issue thoroughly and found that the government had knowledge of the drug amounts before Frieson's debriefing. We cannot say that this factual finding is clearly erroneous.[1]
 
 
 6
 Finally, Frieson argues that the district court erred in refusing his request to withdraw his guilty plea during the sentencing hearing. A guilty plea may be withdrawn before sentencing for any "fair and just" reason, and the district court's decision to allow or refuse a withdrawal is reviewed for abuse of discretion. United States v. Haley, 784 F.2d 1218 (4th Cir.1986). Frieson alleged that he had not been aware at the time he entered his plea that conduct outside the count of conviction could be considered in determining his sentence. The district court questioned Frieson and his two attorneys and determined that Frieson's allegations were not credible. We find no abuse of discretion in this decision, especially after a review of the guilty plea hearing at which the district court informed Frieson that relevant conduct outside the count of conviction and outside the indictment could be considered in determining his sentence.
 
 
 7
 Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 Although Frieson asserts on appeal that one of the coconspirators (Cunningham) denied giving drug amounts to the government until the night before his testimony in the sentencing hearing, his testimony appears to refer to a further discussion of what he had told the government in his previous interview