936 F.2d 568
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ricky Maurice WILCHER, Defendant-Appellant.
 No. 90-5206.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 15, 1991.
Decided July 2, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Norwood Carlton Tilley, Jr., District Judge. (CR-90-47-2-G)
 Daniel S. Johnson, Wilson, Degraw, Johnson & Rutledge, Winston-Salem, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, David B. Smith, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before K.K. HALL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Ricky Maurice Wilcher pled guilty to conspiracy to distribute cocaine and crack cocaine (21 U.S.C. Sec. 846) and appeals the guideline sentence he received. In his brief, appellate counsel maintains that the district court erred in denying Wilcher a continuance so that he could prepare a written motion to withdraw his guilty plea, in setting his offense level by considering drug quantities which were not proved by a preponderance of the evidence, and in denying him adjustments for acceptance of responsibility and for being a minor or minimal participant.
 
 
 2
 Wilcher has also filed a pro se supplemental brief in which he maintains: that he was never informed of the maximum and minimum penalties for the conspiracy charge, either by his attorney or by the district court at his guilty plea hearing; that there was an insufficient factual basis to support his guilty plea; and that he changed his mind shortly after pleading guilty and was told by his attorney that he could not withdraw his plea. We affirm.
 
 
 3
 Wilcher and his brother were arrested after they sold 46.6 grams of crack cocaine to an informant. In the three days before the sale, the informant had six recorded conversations, five of them with Wilcher, which set up a deal for four kilograms of cocaine. When delivery of the cocaine was delayed, the informant asked for and received the delivery of crack. The informant also provided information about prior transactions with Wilcher and his brother. Based on the informant's representations, the total drug quantity in the offense was calculated to be 11,953 grams of cocaine or cocaine equivalents, which resulted in an offense level of 32 for Wilcher. U.S.S.G. Sec. 2D1.1(c)(6) (Drug Quantity Table, 5-15 kilograms of cocaine or cocaine equivalents). Considering only the 46.6 grams of crack[1] present at Wilcher's arrest and the four kilograms negotiated for in the days before the arrest, about which there is no question, more than five kilograms were proved. There was thus no error in calculating the offense level.
 
 
 4
 When he entered a guilty plea to the conspiracy charge, Wilcher admitted only the last overt act listed in the indictment--the sale during which he was arrested, and he filed written objections to the pre-sentence report a month before sentencing in which he disagreed with the informant's version of the overall offense. At the start of the sentencing hearing, Wilcher moved orally to withdraw his plea on the ground of inaccuracies in the presentence report and asked for time to prepare a written motion; he also alleged, without giving any specific reason, that his plea had been entered involuntarily. The district court denied both the oral motion to withdraw and the motion for a continuance on the ground that the motion to withdraw was untimely. We review both decisions for abuse of discretion and find none. Fed.R.Crim.P. 32(d) provides that a guilty plea may be withdrawn before sentencing only on the showing of a fair and just reason. United States v. Haley, 784 F.2d 1218 (4th Cir.1986). Here, Wilcher was aware of the overt acts alleged in the indictment at the time he entered his plea in the context of a thorough Rule 11 hearing at which he gave every indication that his plea was voluntary. He had ample time to move to withdraw his plea before the morning of sentencing.
 
 
 5
 To earn a reduction for acceptance of responsibility, a defendant must acknowledge all his criminal conduct. United States v. Gordon, 895 F.2d 932 (4th Cir), cert. denied, 59 U.S.L.W. 3247 (U.S.1990). Whether he has done so is a factual question reviewed for clear error. United States v. Cusack, 901 F.2d 29 (4th Cir.1990). In addition to denying guilt of certain acts in the indictment, Wilcher told the probation officer that his role in the offense was limited to putting the informant in touch with his brother, a contention which is not borne out by the recorded conversations he had with the informant. We find no error in the denial of this adjustment. Wilcher's role in the offense is also a factual question reviewed under the clearly erroneous standard. United States v. Daughtrey, 874 F.2d 213 (4th Cir.1989). The evidence showed that, while Wilcher was less culpable than his brother, he was consistently active in the operation, and the denial of the minor or minimal participant adjustment was not clearly erroneous.
 
 
 6
 In his supplemental brief, Wilcher incorrectly asserts that he was never informed about the maximum and minimum sentence for his offense and that there was an insufficient factual basis for the plea. The penalties are set out in the plea agreement and the district court also informed Wilcher what they were at the guilty plea hearing. The government proffered a summary of its evidence at the plea hearing, which was rather confusing and unclear as to the informant Foust's dealings with Wilcher and his brother before Foust's arrest, but quite definite in describing the negotiations for four kilograms of cocaine which took place on February 6-8, 1990, in the recorded telephone conversations, and the arrangement for the sale of crack on February 8-9, during which Wilcher was arrested. Foust's corroborated testimony about these events is enough to support the guilty plea.
 
 
 7
 Wilcher's claim that his attorney was ineffective in failing to assist him in a timely withdrawal of his plea[2] is not properly decided on appeal, but should be raised in a collateral proceeding under 28 U.S.C. Sec. 2255. United States v. Lurz, 666 F.2d 69 (4th Cir.1981), cert. denied, 459 U.S. 843 (1982).
 
 
 8
 We accordingly affirm the judgment of the district court. We deny counsel's request to withdraw from further representation. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 This amount of crack is the equivalent of 4,660 grams of cocaine. U.S.S.G. Sec. 2D1.1, Drug Equivalency Tables
 
 
 [2]
 This claim is raised in affidavits submitted by Wilcher and his wife