956 F.2d 1163
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Lee WRIGHT, Defendant-Appellant.
 No. 90-5116.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 11, 1991.
Decided March 5, 1992.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Frank W. Bullock, Jr., District Judge. (CR-90-166-WS)
 Barry Stephen Stanback, Stanback & Stanback Attorneys, P.A., Greensboro, N.C., David F. Tamer, WinstonSalem, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, Paul A. Weinman, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before PHILLIPS, WILKINS and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 William Lee Wright signed a plea agreement with the government in which he agreed to plead guilty to two counts of a three count indictment. Two months later, on the day the sentencing hearing was scheduled, Wright filed a motion to withdraw his guilty plea, alleging he was frightened and unaware of his actions when he entered the plea. The district court denied the motion and sentenced him for the two charges to which he pled guilty. Wright appeals, contending that the district court abused its discretion in denying his motion to withdraw his guilty plea. We find no merit to Wright's contentions; consequently, we affirm his convictions.
 
 
 2
 There is no absolute right to withdraw a guilty plea, even before sentencing. United States v. Moore, 931 F.2d 245, 248 (4th Cir.1991). Rule 32(d) of the Federal Rules of Criminal Procedure provides that when a defendant moves for withdrawal of a guilty plea before sentencing, the court may allow the defendant to withdraw the plea if he demonstrates a "fair and just reason" for the withdrawal. The defendant bears the burden of proof. United States v. Haley, 784 F.2d 1218 (4th Cir.1986).
 
 
 3
 A district court's denial of a defendant's motion to withdraw his guilty plea must be sustained if the court did not abuse its discretion in reaching its decision. United States v. Pitino, 887 F.2d 42, 46 (4th Cir.1989). Courts consider many factors to determine whether a defendant has established a fair and just reason for withdrawing his guilty plea: (1) whether the defendant provided credible evidence that his plea was not knowing or voluntary; (2) whether the defendant credibly asserted his legal innocence; (3) whether there was a delay between entering the plea and moving for withdrawal; (4) whether defendant had close assistance of counsel; (5) whether withdrawal will prejudice the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources. Moore, 931 F.2d at 248. In this case, none of these factors support Wright's contention that the district court abused its discretion by denying his motion to withdraw his guilty plea.
 
 
 4
 First, the district court found that Wright's guilty plea was "knowingly and understandingly made." When Wright entered the guilty plea, the district court explained the penalties attached to the counts for which he pled guilty. His attorney also testified that he had explained the charges and penalties to Wright. Wright claimed that he misunderstood the possible sentence and entered a guilty plea out of fear.* The district court found these claims unconvincing, especially in light of Wright's familiarity with the judicial process due to his prior criminal charges.
 
 
 5
 Second, Wright did not attempt to assert his legal innocence. After he moved to withdraw his guilty plea, the court asked Wright whether he was asserting that he was not guilty of the crimes to which he pled guilty. Wright replied "I'm not saying that at all."
 
 
 6
 Third, Wright entered his guilty plea on September 7, 1990, but it was not until November 9, 1990, the day Wright was scheduled to be sentenced, that he moved to withdraw the plea. Thus, there was a two month delay between Wright's guilty plea and his request to withdraw the plea.
 
 
 7
 Fourth, Wright failed to meet his burden of showing that his counsel's performance was not reasonable. Wright claimed that his attorney had misinformed him about the charges and the possible sentences he faced. The attorney stated that he believed he had correctly advised Wright about the charges and the sentences. The district court did not abuse its discretion in finding that Wright's attorney gave him correct information about the law.
 
 
 8
 Fifth, there was evidence that the government would be prejudiced if Wright was permitted to withdraw his guilty plea. The police officer who had arrested Wright was available as a witness in September when Wright entered his guilty plea, but the officer subsequently left the police department and was living out of state. The court reasonably concluded that the government could be prejudiced if it was unable to locate the arresting officer.
 
 
 9
 Finally, withdrawal of the guilty plea in this case would result in inconvenience to the court and waste judicial resources. Wright did not deny his guilt for the counts to which he pled guilty. Reopening the plea in this case would further postpone but likely would not change the end result.
 
 
 10
 The evidence in this case reveals that the district court did not abuse its discretion in concluding that Wright failed to demonstrate a fair and just reason for withdrawing his guilty plea. Accordingly, we affirm the district court's denial of Wright's motion to withdraw his guilty plea.
 
 
 11
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 12
 AFFIRMED.
 
 
 
 *
 A defendant's entry of a guilty plea out of fear of a greater sentence does not render the plea involuntary. North Carolina v. Alford, 400 U.S. 25 (1970)