972 F.2d 343
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Eddy Igweze NDICHIE, Defendant-Appellant.
 No. 92-5015.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 23, 1992
Decided: August 7, 1992
 
 William B. Purpura, Baltimore, Maryland, for Appellant.
 Richard D. Bennett, United States Attorney, Maury S. Epner, Assistant United States Attorney, Baltimore, Maryland, for Appellees.
 Before SPROUSE and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Eddy Igweze Ndichie appeals from the district court's denial of his presentence motion to withdraw his plea of guilty. Ndichie pled guilty to three counts of transporting and selling adulterated goat meat and one count of selling goat lungs unfit for human consumption, in violation of 18 U.S.C.A. § 2 (West 1969), 21 U.S.C.A. §§ 610(c)(1) (West Supp. 1992), 676(a) (West 1972), and 9 C.F.R. § 310.16(a) (1992); and one count of making a false statement regarding his goat slaughtering operation to the United States Department of Agriculture, in violation of 18 U.S.C.A. § 1001 (West 1976), in exchange for dismissal of five remaining counts and the government's promise to not oppose pretrial release.
 
 
 2
 A hearing was held pursuant to Fed. R. Crim. P. 11, at which time the court engaged in a lengthy discussion with Ndichie to determine whether his plea was voluntarily and knowingly made. The court reviewed the charges, potential sentence, and the conditions of the plea agreement, made a competency determination, informed Ndichie of his constitutional rights and waiver of such rights upon taking the plea, and specifically questioned Ndichie as to whether he was in any way pressured to plead guilty. Ndichie's responses clearly reflected a knowing and voluntary choice, free from external pressure or coercion. The court accepted the plea. Soon thereafter, Ndichie was released to his home pending a sentencing hearing, to carry on employment and to care for his family.
 
 
 3
 Approximately two and one-half months later, and only two days prior to the scheduled sentencing hearing, Ndichie filed a motion to withdraw his guilty plea, alleging that he had only entered the plea so that he could be released to his family, for whom he was the sole provider. He did not assert his innocence or explain his long delay in filing the motion. The district court considered the motion at the beginning of the sentencing hearing. After Ndichie was given the opportunity to present his position, his motion was denied on the basis that he had failed to establish a fair and just reason for requesting withdrawal. He was subsequently sentenced to six months of home detention followed by three years of supervised release, and was ordered to pay a $250 fine. This appeal followed. Finding no abuse of discretion in the district court's decision, we affirm.
 
 
 4
 Pursuant to Rule 32(d), as amended in 1983, there is no absolute right to withdraw a plea prior to sentencing. United States v. Moore, 931 F.2d 245, 248 (4th Cir.), cert. denied, 60 U.S.L.W. 3261 (U.S. 1991). Rather, a defendant bears the burden of showing a "fair and just reason" for the requested withdrawal. Id.; United States v. Haley, 784 F.2d 1218, 1219 (4th Cir. 1986). Factors relevant to the question of whether a fair and just reason for withdrawal has been established include:
 
 
 5
 (1)Credible evidence that the plea was knowing and voluntary;
 
 
 6
 (2)A credible assertion of innocence;
 
 
 7
 (3)The length of delay between entry of the plea and the motion to withdraw;
 
 
 8
 (4)Whether the defendant had close assistance of competent counsel;
 
 
 9
 (5)Prejudice to the government; and
 
 
 10
 (6)Inconvenience to the court and waste of judicial resources.
 
 
 11
 Moore, 931 F.2d at 248. As we noted in Moore, these factors are balancing factors only; a lack of prejudice to the government resulting from withdrawal is not dispositive where other factors are unfavorable to the movant. See id. Indeed, prejudice should not be considered until the defendant has successfully established that a fair and just reason exists for withdrawing the plea. Haley, 784 F.2d at 1219; see also United States v. Pitino, 887 F.2d 42, 49 (4th Cir. 1989); United States v. DeFreitas, 865 F.2d 80, 81-82 (4th Cir. 1989).
 
 
 12
 In this case, the transcript of Ndichie's Rule 11 hearing clearly shows that his plea was knowingly and voluntarily entered with the close assistance of competent counsel. He did not assert his innocence in lower court proceedings.* Judicial resources clearly would have been wasted, had the district court granted Ndichie's motion, in light of the lengthy Rule 11 hearing conducted by the court, subsequent preparation of a presentence report, and other undertakings. Finally, Ndichie waited until the last possible moment-two days prior to sentencing-to request withdrawal. By that time, he had been on pretrial release for several months and had thus enjoyed the full benefit of the government's agreement to support pretrial release. He gave no reason for his delay, other than to note that he and his attorney differed over whether a withdrawal motion should be filed (Ndichie ultimately filed the motion over his attorney's objections). Given these facts, the district court did not abuse its discretion in denying Ndichie's motion to withdraw his plea, even if prejudice to the government was lacking.
 
 
 13
 Therefore, we affirm the district court's decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 He belatedly argues on appeal that he lacked the requisite intent to commit the crimes he pled guilty to