Judgment of 3/17/00 vacated and mandate
of 4/10/00 recalled and judgment reentered
effective 3/8/01 by unpublished order filed 3/8/01

UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 99-4320

MAURICE EDGAR MCKENZIE, a/k/a
Richard Knight, a/k/a Emanuel
Askew, a/k/a Cappo, a/k/a Cappa,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Solomon Blatt, Jr., Senior District Judge.
(CR-97-32)

Submitted: February 29, 2000

Decided: March 17, 2000

Before MURNAGHAN and WILLIAMS, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

COUNSEL

Kenneth M. Mathews, Columbia, South Carolina, for Appellant. J.
Rene Josey, United States Attorney, Robert H. Bickerton, Assistant
United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Maurice Edgar McKenzie pled guilty to conspiracy to possess with intent to distribute and to distribute crack cocaine, in violation of 21 U.S.C.A. § 846 (West 1999), and money laundering, in violation of 18 U.S.C.A. § 1956 (West Supp. 1999). The district court sentenced McKenzie to 327 months imprisonment. McKenzie appeals his sentence and convictions. Finding no error, we affirm.

I.

First, McKenzie contends that his guilty plea was not knowing or voluntary because his plea was based on erroneous information from his attorney that (1) Tamah Rivers, his girlfriend and codefendant, did not wish to speak with him about their cases and (2) his plea would assist Rivers in getting the full benefits of her own plea bargain. However, "an appropriately conducted Rule 11 proceeding . . . must be recognized to raise a strong presumption that the plea is final and binding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992). At McKenzie's plea hearing, the district court complied in all respects with Rule 11. In addition, after a hearing on McKenzie's motion to withdraw his plea, the district court specifically found that Rivers did not wish to speak with McKenzie, that there was no "package deal" for both Rivers and McKenzie's pleas, and that McKenzie's counsel did not give him erroneous information. Thus, we hold that the district court properly found that McKenzie's plea was knowing and voluntary.

II.

Next, McKenzie challenges the denial of his motion to withdraw his guilty plea. A court must consider six factors in determining whether the defendant meets his burden in order to withdraw his plea:

2

(1) whether the defendant offered credible evidence that his plea was not knowing or voluntary; (2) whether the defendant credibly asserted his legal innocence; (3) whether there was a delay between the entry of the plea and the filing of the motion; (4) whether the defendant was assisted by competent counsel; (5) whether withdrawal would prejudice the government; and (6) whether withdrawal would inconvenience the court and waste judicial resources. See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). The fifth factor, prejudice to the government, need not be considered until the defendant successfully establishes that a fair and just reason exists for withdrawing his guilty plea. See United States v. Haley, 784 F.2d 1218, 1219 (4th Cir. 1986).

Consideration of facts (1), (2), and (4) weighs heavily against McKenzie. First, in accepting McKenzie's guilty plea, the district court thoroughly questioned him about the voluntariness of his pleas and ensured that he understood the charges, elements of proof, and maximum sentences involved. The court specifically asked McKenzie whether his pleas were induced by threats or coercion, and he answered that they were not.

Second, McKenzie never made a credible assertion of innocence. The district court specifically found McKenzie to be an incredible witness. In addition, McKenzie stated that the factual basis presented at his plea hearing was "substantially correct."

Third, the district court found McKenzie's counsel to be competent. In fact, the only complaint McKenzie raised regarding his counsel was that he did not let McKenzie talk to Rivers and led McKenzie to believe that Rivers' plea was contingent on his own plea. After a hearing, the district court specifically found that McKenzie's attorney did not make these statements. Because McKenzie did not present a fair and just reason for withdrawing his plea, we find that the district court did not abuse its discretion in denying McKenzie's motion.

III.

McKenzie next contends that the Government breached the plea agreement by arguing for an adjustment to his sentence based on obstruction of justice. However, while the Government made other

3

promises in the plea agreement, obstruction of justice was not mentioned, and there was no "catch-all" provision preventing the Government from seeking any further adjustments. Because the terms of the parties' agreement may not be supplemented with"unmentioned terms," see United States v. Fentress, 792 F.2d 461, 464 (4th Cir. 1986), the district court properly found that the Government did not breach the plea agreement.

IV.

Finally, McKenzie argues that the district court erred in enhancing his sentence two levels for obstruction of justice under U.S. Sentencing Guidelines Manual § 3C1.1 (1998). The Government requested the two-level enhancement on the grounds that McKenzie perjured himself at the hearing on his motion to withdraw his plea. The district court, after thoroughly considering all the arguments and evidence presented, found that McKenzie had provided materially false information to the court regarding both his innocence on the charges to which he pled guilty and the erroneous information allegedly provided by his attorney. The court also determined that McKenzie's testimony had been falsely given in order to secure a withdrawal of his guilty plea. We find that the enhancement was fully supported by the district court's findings and that the court's factual findings were not clearly erroneous.

Accordingly, we affirm McKenzie's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4