**UNITED STATES of America**

v.

**David Charles McCLINTON.**

**Nos. ST–CR–89–24, C–CR–89–98 to C–CR–89–103.**

United States District Court, W.D. North Carolina, Charlotte Division.

April 2, 1990.

Carl Horn, U.S. Attorney's Office, Charlotte, N.C., for U.S.

George V. Laughrun, II, Charlotte, N.C., for David Charles McClinton.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on Defendant's Motion made in open court on March 26, 1990, to withdraw his guilty plea. The Court denied the Motion at that time and proceeded with the scheduled sentencing hearing. The Court is entering this order to enunciate its reasons for denying Defendant's Motion.

Defendant was indicted in the summer of 1989 in seven different bills of indictment for bank robbery in violation of 18 U.S.C. § 2113. On August 22, 1989, Mr. Rodney S. Toth was appointed to represent Defendant and the matter was calendared for the October 1989 Charlotte Criminal Term. The Court continued the matter on September 13, 1989 at the request of Defendant until the December 1989 Charlotte Criminal Term. A second attorney, Mr. George V. Laughrun, II, was appointed for Defendant on October 31, 1989 because of a personality conflict between Defendant and Mr. Toth. Because of Mr. Laughrun's recent appointment, the Court granted Defendant's second continuance motion on November 1, 1989. The case was then set for the February 1990 Charlotte Criminal Term.

The Court fully expected this matter to go to trial during the February 1990 Charlotte Criminal Term based on the parties' representations. However, shortly before the trial was to begin, defense counsel notified the Court that Defendant wished to enter nolo contendere pleas to one count of each of the seven indictments. The Court scheduled and conducted a Plea and Rule 11 Inquiry hearing on February 1, 1990. After the Court had carefully gone through the usual Rule 11 litany with Defendant, the Court accepted Defendant's plea. Sentencing was deferred until the April 1990 Charlotte Criminal Term.

During the middle of March 1990, the Court received a letter from Defendant. Defendant indicated that he wished to withdraw his no contest pleas. Moreover, Defendant stated that Mr. Laughrun had told Defendant that if the pleas were withdrawn that Mr. Laughrun would not represent Defendant at trial. The Court referred the letter to United States Magistrate Paul B. Taylor for an attorney status hearing.

On March 21, 1990, the Court received a copy of a letter sent by Mr. Laughrun to Magistrate Taylor. Mr. Laughrun requested that Defendant's motion to withdraw his plea be held in abeyance. Apparently, Defendant's motion had been made in frustra-

tion due to Mr. Laughrun being out of the city and being unavailable to meet with Defendant and set up a meeting with the Government and Defendant.

On March 23, 1990, the Magistrate held a status conference. At the conference Defendant renewed his request to withdraw the no contest pleas. However, Defendant stated that he was satisfied with keeping Mr. Laughrun as his attorney.

The Court has reviewed the transcript from the Plea and Rule 11 Inquiry hearing of February 1, 1990. As it does with every plea, the Court inquired whether Defendant could hear the questions and whether he was under the influence of any substance. Defendant stated that he could hear the questions and that he was not intoxicated. *See* Transcript of Rule 11 hearing, February 1, 1990 at 3 (hereinafter "Transcript").

The Court then reviewed each indictment with Defendant. Defendant indicated that he had reviewed the indictments with his attorney. *See* Transcript at 3–6. The Court then reviewed the applicable statute and the essential elements the Government would have to prove if the case went to trial. Defendant stated that he understood the charges. *See* Transcript at 7. Next, the Court reviewed the maximum statutory penalties and the sentencing guidelines that could be imposed and asked Defendant whether he understood the penalties. Defendant answered, "Yes, sir." *See* Transcript at 7–8. The Court also asked:

> Do you understand that if a sentence is more severe than you expect that *you will still be bound by your plea and you will have no right to withdraw it;* do you understand that? (Emphasis added).
> DEFENDANT: Yes, sir.

*See* Transcript at 8.

The Court also asked Defendant if he understood that he had a right to plead not guilty and the right to a jury trial. Moreover, Defendant was asked by the Court if he understood that by "entering this plea of no contest, you are in effect waiving, giving up all those rights, and there will be *no further trial* of any kind …" *See*

Transcript at 10–11. Defendant responded that he understood. The Court also asked Defendant if he was "entering the plea of no contest freely and voluntarily." *See* Transcript at 12. Defendant responded in the affirmative. When the Court asked if Defendant wanted the Court to accept his plea of no contest, Defendant answered, "I do." *See* Transcript at 13. Defendant declined to make any statements or ask any questions when given the opportunity to do so by the Court. *See* Transcript at 13. Based on Defendant's representations, the Court accepted the no contest plea. *See* Transcript at 13.

Rule 32(d) of the Federal Rules of Criminal Procedure is applicable to plea withdrawal. The rule provides:

> (d) Plea withdrawal. If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason.

■ As Rule 32(d) indicates, the defendant is required to show a fair and just reason exists in order to withdraw his plea. Thus, the burden is on the Defendant to come forward with valid reasons for the withdrawal. *See* 8A *Moore's Federal Practice,* § 32.97[1] at 32–129 (1980) (hereinafter *"Moore's").* Defendant has no absolute right to withdraw his guilty plea. *Id.; United States v. Rasmussen,* 642 F.2d 165 (5th Cir.1981). The right to do so is in the sound discretion of the Court which will be reversed by an appellate court only for an abuse of discretion. *Moore's,* at 32–129.

■ In this case, Defendant stated to the Court that he entered the no contest plea in order to get a bond prior to the sentencing hearing. However, when the bond motion was not made, Defendant became disillusioned with the plea. Moreover, Defendant stated that witnesses would testify at trial that he was not at the respective banks when the robberies occurred.

The Court is unable to conclude that Defendant has come forward with a fair and just reason to withdraw the no contest plea. The Court believes Defendant en-

tered into a knowing and voluntary plea as evidenced by his answers to the Rule 11 litany. If there were witnesses available to corroborate Defendant's claim that he was elsewhere when the robberies occurred, the Court believes he would have made the Court aware of that fact.

Moreover, the factual basis in this matter indicates the evidence against Defendant is overwhelming. The modus operandi in each robbery was the same. The same type of clothing and note was used in each robbery. The perpetrator of each robbery was identified by surveillance photos. The robber's description in the photos matched Defendant. Furthermore, several victim tellers identified Defendant from a lineup. Most damaging to Defendant were his fingerprints which were left in several of the banks. *See generally Government's Sentencing Memorandum*, filed March 23, 1990.

The Court does not believe Defendant has carried his burden in showing a fair and just reason exist to allow the withdrawal of the plea. Defendant did not produce any of his witnesses at the sentencing hearing. Moreover, a family member of Defendant identified him from bank surveillance photos. Thus, the Court concludes no witnesses exist to corroborate Defendant's story. When a defendant fails to carry his burden that a fair and just reason exists, the court may deny the motion to withdraw the plea. *See United States v. DeFreitas*, 865 F.2d 80, 82 (4th Cir.1989); *United States v. Haley*, 784 F.2d 1218 (4th Cir.1986).

The Court cannot ignore the delay caused by Defendant in the disposition of this case. The Court granted Defendant's two continuances and appointed a second attorney when Defendant was dissatisfied with the first attorney. The Court has placed this matter on the trial calendar for February 1990 and then had to remove it when Defendant decided at the last minute to enter a no contest plea. Moreover, Defendant waited six weeks before informing the Court that he wished to withdraw his plea. A lengthy delay, especially where a defendant has had the benefit of counsel, will prompt much closer scrutiny of a defendant's reasons for withdrawal. *See Moore's* at 32–137.

Defendant's conduct in this matter leads the Court to conclude that he was attempting to delay the imposition of sentence. The Court does not believe Rule 32 provides a defendant with a license to manipulate the court's calendar. The Court concurs with the Fourth Circuit's analysis of motions similar to the one made by Defendant.

> The orderly procedure in our busy trial courts would be disrupted if a fair and just reason were found to lodge in all cases where the vagaries of a defendant were due only to a wish held by many if not all criminal defendants who do not relish the prospects of standing trial but also, in the end, decide to take an unreasonably long-shot gamble on beating by standing trial a fair, reasonable and just guilty plea.

*See DeFreitas*, 865 F.2d at 83.

NOW, THEREFORE, IT IS ORDERED that Defendant's Motion to withdraw his no contest plea be, and hereby is, DENIED.