925 F.2d 1458
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Charles McCLINTON, Defendant-Appellant.
 No. 90-5037.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 2, 1990.
Decided Feb. 15, 1991.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Robert D. Potter, Chief District Judge. (CR-89-24-ST)
 E. Fitzgerald Parnell, III, Weinstein & Sturges, P.A., Charlotte, N.C., (Argued), for appellant; Kevin L. Barnett, Weinstein & Sturges, P.A., Charlotte, N.C., on brief.
 Carl Horn, Chief Assistant United States Attorney, Charlotte, N.C., (Argued), for appellee; Thomas J. Ashcraft, United States Attorney, Charlotte, N.C., on brief.
 W.D.N.C., 733 F.Supp. 1020.
 AFFIRMED.
 Before K.K. HALL and NIEMEYER, Circuit Judges, and JOSEPH H. YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 The defendant David Charles McClinton was charged in seven separate indictments with seven bank robberies in violation of 18 U.S.C. Sec. 2113. On February 1, 1990, the defendant entered pleas of nolo contendere to Count One in each of the seven bills of indictment. The remaining counts were dismissed by the government. Following a detailed and thorough Rule 11 hearing, the district court accepted defendant's pleas. (Jt.App. 60-75.) On March 23, 1990, the court was informed of defendant's desire to withdraw his plea. (Jt.App. 82.) On March 26, the date scheduled for sentencing, the district court orally denied defendant's motion to withdraw the pleas and sentenced him to a 260-month term of imprisonment. (Jt.App. 93-137.)
 
 
 2
 As stated in the order filed April 2, 1990, the court was satisfied that defendant entered his plea of nolo contendere voluntarily and freely (Jt.App. 140-41), and was unable to conclude that defendant had come forward with a "fair and just reason" to withdraw his plea. (Jt.App. 141.) The court also found the evidence against defendant to be overwhelming. Id. An additional factor considered was the delay caused by the defendant in the disposition of the case. The court determined that defendant was attempting to delay the imposition of sentence. (Jt.App. 143.)
 
 
 3
 The defendant appeals the district court's denial of his motion to withdraw the pleas of nolo contendere prior to sentencing. We affirm.
 
 I.
 
 4
 During June and July 1989, Charlotte, North Carolina, was besieged by a series of bank robberies. Based upon bank surveillance photographs indicating a person of similar physical description and a common method of operation, the authorities ascertained that the robberies were committed by the same person. (Jt.App. 96-97.)
 
 
 5
 Defendant McClinton became the focus of the investigation when a member of McClinton's family contacted "Crime-Stoppers" and identified defendant as the individual in the bank surveillance photograph which was printed in the city's newspaper. (Jt.App. 97.) This family member stated that she had questioned other family members, all of whom acknowledged McClinton was the person in the bank photographs. (Jt.App. 98.)
 
 
 6
 Fingerprints and palmprints were lifted from the crime scene of a robbery of July 11, 1989. A positive identification was made of these prints with the prints of defendant. Finger and palmprints found at the scene of two other robberies were also positively identified as those of McClinton. A warrant was issued on July 24, 1989 based on the positive comparison of fingerprints by the Charlotte Police Department. (Jt.App. 98-100.)
 
 
 7
 On July 24, 1989, while the authorities were searching for defendant, another robbery was committed. The agent at the scene informed F.B.I. Special Agent Richard Swine of the robber's apparel, including sunglasses, a tan-colored baseball cap and a long-sleeved white T-shirt. Agent Swine concluded that the physical description of the robber was similar to that of defendant. (Jt.App. 100.)
 
 
 8
 The F.B.I. waited for defendant at his sister's apartment on July 24th. Rather than stopping for the police cars, defendant, sitting in the passenger's seat, commanded the woman driving the car to continue. Officer Swine recognized defendant as the suspect. Additionally, Swine noticed the defendant wearing the above noted apparel.
 
 
 9
 A day or two later, several tellers from the various bank robberies were able to identify defendant in a lineup. The individuals participating in the lineup wore identical painter's caps and identical sunglasses. (Jt.App. 106.)
 
 II.
 
 10
 The standard of review on appeal is whether the district court abused its discretion in denying the defendant's motion to withdraw his pleas of no contest. United States v. Pitino, 887 F.2d 42, 49 (4th Cir.1989). Fed.R.Crim.P. 32(d) states:
 
 
 11
 If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason....*
 
 
 12
 The 1983 Advisory Committee note to Rule 32(d) noted:
 
 
 13
 Rule 11 now provides ... for full inquiry into the voluntariness of the plea, for detailed advice to the defendant concerning his rights and the consequences of his plea and a determination that the defendant understands these matters, and for a determination of the accuracy of the plea. Given the great care with which pleas are taken under this revised Rule 11, there is no reason to view pleas so taken as merely "tentative," subject to withdrawal before sentence whenever the government cannot establish prejudice.
 
 
 14
 In the case at bar, the district court conducted a thorough Rule 11 inquiry. Specifically, defendant stated to the court that he understood that he would be bound by his plea and would have no right to withdraw it. He stated that he was entering the plea of no contest freely and voluntarily, and when asked if defendant wanted the court to accept his plea of no contest, McClinton responded, "I do." At the conclusion of the Rule 11 inquiry, the court accepted McClinton's plea.
 
 
 15
 Appellant argues that, at the time of the hearing, he knew of three witnesses who would provide him with an alibi. He contends that, prior to March 23, he was unaware of the three witnesses. Counsel for defendant partially confirmed his client's assertions. Additionally, counsel informed the magistrate judge:
 
 
 16
 [W]hen I talked to Mr. McClinton on Tuesday and I had informed Mr. Horn [the United States Attorney] this Tuesday, I did not think he still wanted to withdraw his no contest plea. The Court was willing to let him plead no contest ... as we are ... as far as the evidence and witnesses go, Judge, I have talked to one of the witnesses before the pleading was entered and she was not willing to make any type of exculpatory statement at that time. Now, I have not talked to her since then. I have asked David to call me in my office or at home, he has my home number. I have not heard from her. But I have ... but I will tell the Court, but he has told me that, I did talk with her prior to the plea being entered and was not given any exculpatory information in fact the words were, "I don't know, I don't recall," but, since then I have not talked with her since, so I have no reason to doubt what Mr. McClinton tells the Court or tells me, but I have not heard anything.
 
 
 17
 (Jt.App. 79.)
 
 
 18
 Defendant showed no fair and just reason for his motion to withdraw. Although he presented facts which were apparently unknown to him at the time of his plea of nolo contendere, he did not produce his alibi witnesses to support his motion to withdraw, nor did he make an effort to corroborate the story at the hearing. The comments made to the magistrate judge by defendant's counsel emphasized the uncertainty of any witness coming forward at trial to testify on McClinton's behalf. The questionable nature of this evidence in combination with a thorough Rule 11 inquiry provided the district court with sufficient basis to deny defendant's motion to withdraw.
 
 
 19
 Defendant also asserts that the government must show it will suffer prejudice from defendant's motion to withdraw. This is an incorrect statement of the present law in the Fourth Circuit, which no longer permits a defendant to withdraw a plea by placing the onus on the government. United States v. DeFreitas, 865 F.2d 80 (4th Cir.1989), and United States v. Haley, 784 F.2d 1218 (4th Cir.1986), clarify the 1983 amendment of Fed.R.Crim.P. 32(d) which now demands that the defendant show a "fair and just reason" for withdrawal even in the absence of prejudice to the government. See supra note * and accompanying text.
 
 
 20
 There was a suggestion that defendant sought withdrawal because he was not released on bond pending disposition as promised by his former counsel. Appellant, in his brief and at oral argument, explained that this was not his contention, putting this dispute to rest.
 
 
 21
 We cannot say that the district court abused its discretion in refusing to allow McClinton to withdraw his pleas.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The Advisory Committee's notes to the amended rule added that, as a result of the required Rule 11 inquiry, the defendant would be permitted to withdraw his plea only upon showing a "fair and just reason," even in the absence of prejudice to the government. See United States v. Haley, 784 F.2d 1218, 1219 (4th Cir.1986) ("[T]he great care with which pleas are taken under this Revised Rule 11 now means that a plea is not to be withdrawn unless the defendant can show a 'fair and just reason' for doing so, even in the absence of prejudice to the government.")