953 F.2d 640
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Greg COLBERT, Defendant-Appellant.
 No. 91-5286.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 13, 1991.
Decided Jan. 14, 1992.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins, No. CR-90-12, Robert R. Merhige, Jr., Senior District Judge.
 James M. Casey, Point Pleasant, W.Va., for appellant.
 William A. Kolibash, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Wheeling, W.Va., for appellee.
 N.D.W.Va.
 AFFIRMED.
 Before DONALD RUSSELL, MURNAGHAN and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Richard Greg Colbert pled guilty to conspiracy to distribute cocaine (21 U.S.C. § 846 (1988). In this appeal, he contends that the district court erred in refusing to allow him to withdraw his guilty plea after the government breached the plea agreement, and that he was denied effective assistance of counsel during sentencing because of the court's refusal to subpoena incarcerated witnesses he wished to call and its hostility toward defense counsel, and because of errors allegedly committed by counsel. We affirm.
 
 
 2
 A defendant who wishes to withdraw his guilty plea before sentencing has the burden of showing a "fair and just reason" for withdrawal of the plea. Fed.R.Crim.P. 32(d); United States v. Moore, 931 F.2d 245, 248 (4th Cir.), cert. denied, 60 U.S.L.W. 3261 (U.S.1991); United States v. Haley, 784 F.2d 1218 (4th Cir.1986). A defendant might meet this burden by showing that his plea was involuntary because it was induced by a promise which was not fulfilled, Santobello v. New York, 404 U.S. 257 (1971), or not capable of being fulfilled, United States v. Hammerman, 528 F.2d 326 (4th Cir.1975).
 
 
 3
 In this case, the plea agreement stated that the parties agreed that "the amount of controlled substance involved to be considered as relevant conduct would be at least 150 grams but less than 500 grams of cocaine base." It also promised that if the plea was accepted, the government would move to dismiss the numerous other counts of the indictment, including a charge that Colbert possessed a firearm during drug trafficking, which carried a mandatory consecutive five-year sentence (18 U.S.C.A. § 924(c) (West 1976 & Supp.1991)). When the probation officer recommended a finding that the relevant conduct was an amount over five hundred grams and also recommended an increase of two offense levels for possession of a gun during the offense (U.S.S.G. § 2D1.1(b)), Colbert sought and was denied permission to withdraw his plea. However, the district court held the government to the lesser amount of drugs stated in the plea agreement, and calculated Colbert's guideline range using that amount. The weapon count was dismissed as promised. Colbert thus received the benefits he was entitled to under the agreement. No breach occurred, and the district court did not abuse its discretion in denying the motion to withdraw the guilty plea.
 
 
 4
 The rule in this Circuit is that a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal unless the record conclusively shows ineffective assistance. United States v. Percy, 765 F.2d 1199, 1205 (4th Cir.1985); United States v. Fisher, 477 F.2d 300 (4th Cir.1973). That showing is not made here, particularly as it was Colbert's intransigent "all or nothing" stand which caused the district court to refuse to subpoena any incarcerated witnesses. More importantly, Colbert has not challenged the computation of his sentence, nor do we perceive any basis for doing so. Because the sentence was imposed within the properly calculated guideline range, we find that Colbert did not suffer any prejudice. Therefore, the district court's criticism of defense counsel for allowing Colbert too much latitude to run the case did not amount to a finding of constitutional ineffectiveness.
 
 
 5
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.