952 F.2d 1396
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mary Ann E. LEWELLYN, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas L. LEWELLYN, Defendant-Appellant.
 Nos. 91-5530, 91-5531.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 31, 1991.
Decided Jan. 24, 1992.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk. Richard B. Kellam, Senior District Judge. (CR-90-111-N)
 Argued: Andrew Anthony Protogyrou, Knight, Dudley, Dezern & Clarke, Norfolk, Va., John Edward Grzybek, Kelly & Berens, P.A., Minneapolis, Minn., for appellants; William G. Otis, Assistant United States Attorney, Alexandria, Va., for appellee.
 On Brief: Duncan R. St. Clair, III, St. Clair, Miller & Marx, P.C., Norfolk, Va., for appellants; Kenneth E. Melson, United States Attorney, Harvey L. Bryant, III, Assistant United States Attorney, Norfolk, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before WILKINSON and NIEMEYER, Circuit Judges, and ALEXANDER HARVEY, II, Senior United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 These are appeals from an Order entered by the district court denying appellants' motions to withdraw their guilty pleas.
 
 
 2
 Both Mary Ann E. Lewellyn and her son Thomas L. Lewellyn were charged in a seven count indictment with conspiring to commit mail fraud and with committing the substantive crime of mail fraud. Each appellant decided to plead guilty and executed separate plea agreements with the government on November 16, 1990.
 
 
 3
 On November 21, 1990, appellants appeared in court with counsel and tendered pleas of guilty to Count One of the indictment. Following a lengthy hearing held pursuant to Rule 11, F.R.Crim.P., the district judge accepted appellants' pleas of guilty. Sentencing was set for January 23, 1991.
 
 
 4
 On January 16, 1991, appellants filed motions to withdraw their pleas of guilty. An evidentiary hearing was held before the district judge on January 23, 1991, following which the district court denied the motions to withdraw the pleas. On April 3, 1991, both appellants were sentenced to terms of imprisonment.
 
 
 5
 In this appeal, appellants argue that the district court erred in refusing to grant their motions to withdraw their guilty pleas. They assert that they have shown fair and just reasons for withdrawal of the pleas. Finding no reversible error, we affirm.
 
 
 6
 * Pursuant to Rule 32(d), F.R.Crim.P., the court may permit withdrawal of a guilty plea "upon a showing by the defendant of any fair and just reason." The defendant has the burden under Rule 32(d) of showing a fair and just reason for withdrawal of the plea. United States v. Haley, 784 F.2d 1218, 1219 (4th Cir.1986). The determination to be made when a motion to withdraw a guilty plea has been filed under Rule 32(d) is entrusted to the discretion of the district court. United States v. Moore, 931 F.2d 245, 248 (4th Cir.1991). Accordingly, in this appeal, appellants must show that the district court abused its discretion in denying the motions to withdraw the guilty pleas.
 
 
 7
 Applicable factors to be considered by a trial court in deciding whether or not to grant a motion to withdraw a guilty plea include the following: (1) whether the defendant has offered credible evidence that his or her plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his or her legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion; (4) whether defendant has had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the Court and waste judicial resources. Moore, 931 F.2d at 248. Applying these factors here, we cannot say that the district court abused its discretion in refusing to allow Mary Ann E. Lewellyn and Thomas L. Lewellyn to withdraw their guilty pleas.
 
 II
 
 8
 Appellants contend that their guilty pleas were not knowing or voluntary because they were suffering from emotional problems and because they sought mental health assistance from a psychologist shortly after their pleas were entered. They say that they were not closely assisted by trial counsel and claim that their pleas were the result of threats made to them by others and coercion by their attorneys. Finally, appellants argue that their plea agreements should be rescinded because the government failed to adhere to the promises contained therein.
 
 
 9
 There can be little doubt from the record here that each plea of guilty was knowingly and voluntarily tendered by each appellant when they both appeared before the district judge on November 21, 1990. There was full compliance by the trial court with Rule 11. The proceedings lasted for more than an hour and included lengthy and searching questions by the district judge. The manner of ensuring that a defendant in Rule 11 proceedings is properly informed is committed to the good judgment of the district court in calculating the defendant's sophistication, intelligence and relative difficulty in comprehending the charges. United States v. Reckmeyer, 786 F.2d 1216, 1221 (4th Cir.), cert. denied, 479 U.S. 850 (1986). We should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant. United States v. DeFusco, --- F.2d ----, slip op. at 4 (4th Cir.1991). An appropriately conducted Rule 11 proceeding must be recognized as raising a strong presumption that the plea is final and binding.
 
 
 10
 Each appellant had previously executed a written plea agreement whereby each agreed to plead guilty to Count One of the indictment. The trial court discussed each plea agreement with each appellant at the Rule 11 proceedings, and each acknowledged an understanding of the agreement and an understanding of the sentence which could be imposed by the court thereunder. Both acknowledged under oath that they had had sufficient time to discuss the charges with their attorneys, that they were satisfied with the advice and assistance of their counsel, that they understood the charges against them and that they understood that they were giving up their right to a jury trial by pleading guilty.
 
 
 11
 Both appellants denied that they had ever suffered from any mental illness or that they had ever had a lapse of memory or inability to recall events. Both also denied that there had been any coercion or threats which resulted in their entering of the pleas. The trial judge specifically advised the appellants that they might withdraw their tendered pleas of guilty before the court accepted them but that if the pleas were accepted, appellants would be bound by them. Both assured the trial judge that they understood their rights and that they wished to tender the pleas of guilty in question. Statements made by a defendant at a Rule 11 proceeding constitute strong evidence of the voluntariness of the plea. DeFusco, slip op. at 8. Such statements may not ordinarily be repudiated, and findings by a trial court in accepting a plea "constitute a formidable barrier" to one attacking the plea. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).
 
 
 12
 After the motions to withdraw the pleas were filed, the trial judge held an evidentiary hearing. In his oral opinion rendered after that hearing, the trial judge considered the evidence of record and found that appellants had not met their burden of showing that a fair and just reason existed for withdrawal of their pleas. Our review of the record convinces us that these findings of the trial judge were not erroneous.
 
 
 13
 Appellants claim that they were in declining mental health and that they received treatment for their emotional problems. The evidence in support of this contention is insubstantial. After they pled guilty, appellants travelled to Minneapolis, Minnesota and conferred with a mental health counselor on two occasions. However, no medication was prescribed for them, and no medical diagnosis nor report was ever rendered.
 
 
 14
 Appellants' contention that they pled guilty because of threats received from others is specious. Under the plea agreements which appellants executed, they agreed in writing to cooperate with the government. Thus, they reasonably could have expected more threats from others by pleading guilty and cooperating than had they refrained from doing so.
 
 
 15
 Evidence was presented to the trial judge indicating that appellants received close and competent assistance from their counsel. Each attorney met with his client on numerous occasions and reviewed with him or her the charges, the documentary evidence and the proposed plea agreement. Neither appellant claimed to be innocent, and Thomas Lewellyn even admitted that he had forged documents and that he knew that his mother was fraudulently executing insurance agreements.
 
 III
 
 16
 Finally, there is no merit to appellants' contention that their plea agreements should be set aside because the government failed to perform its obligations under the agreements. Under each agreement, the government promised to dismiss other counts of the indictment at the time of sentencing. When, at the sentencing proceedings, the government complied with its obligation by moving to dismiss as to both defendants all counts other than Count One, the trial judge suggested that such dismissal should properly await the outcome of this appeal. Had the other counts been dismissed at the sentencing proceedings and had the appellants been permitted by this Court to withdraw their guilty pleas, it would have been necessary to present the dismissed charges to a grand jury for a superseding indictment. The government has agreed that if there is an affirmance in this case, it will move to dismiss the remaining counts of the indictment. Under these circumstances, there has been no breach of the plea agreements by the government.
 
 
 17
 For the reasons stated, we affirm the district court's denial of appellants' motions to withdraw their guilty pleas, and accordingly we affirm both judgments and sentences.
 
 
 18
 AFFIRMED.