14 F.3d 598
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Maurice WATSON, Defendant-Appellant.
 No. 93-5285.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 4, 1993.
Decided Dec. 23, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.
 Drewry B. Hutcheson, Jr., for appellant.
 Kenneth E. Melson, U.S. Atty., Vicki L. Curcio, Sp. Asst. U.S. Atty., for appellee.
 E.D.Va.
 AFFIRMED.
 Before HALL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Following his guilty plea to distribution of five grams or more of "crack" cocaine, 21 U.S.C.A. Sec. 841(a)(1), (b)(1)(B)(iii) (West 1981 & Supp 1993), and the district court's denial of his motion to withdraw his guilty plea, Maurice Watson was sentenced to sixty months in prison. Claiming that the district court abused its discretion by denying his motion to withdraw his guilty plea, Watson appeals. We find no merit in his claim; consequently, we affirm.
 
 
 2
 Watson was charged by criminal information with one count of "knowingly, unlawfully and intentionally distribut[ing] 5 grams or more of a mixture ... contain[ing] cocaine base, commonly known as 'crack' cocaine." Pursuant to a plea agreement, Watson agreed to waive indictment and plead guilty to the single count criminal information. Incorporated in the plea agreement was a statement of facts signed by Watson, stating that on February 19, 1992, he knowingly and willfully sold 5.77 grams of a mixture containing "crack" cocaine to an undercover Drug Enforcement Agency agent for $800. On December 10, 1992, the district court conducted a hearing pursuant to Fed.R.Crim.P. 11 and, finding that Watson's guilty plea was freely and voluntarily entered and that there was a factual basis to support the plea, accepted the guilty plea.[1]
 
 
 3
 Nearly three months later, on March 1, 1993, Watson sent a letter to the judge asking to withdraw his guilty plea because his attorney tricked him into signing the plea agreement by telling him he was signing pre-trial motions. The court appointed different counsel to represent Watson at a hearing on his motion. At the hearing, Watson claimed his original counsel tricked him into signing the guilty plea knowing he was illiterate, counsel coerced him into pleading guilty by telling him he had no rights and would receive probation if he provided assistance to the government, and that counsel was ineffective. On March 19, 1993, the district court denied Watson's motion to withdraw his guilty plea, finding that Watson failed to provide a fair and just reason for withdrawal.
 
 
 4
 The government contends that, through the plea agreement, Watson waived his right to appeal. The plea agreement contained a provision stating that Watson expressly waived his right to appeal his sentence. Such a waiver is valid if the district court specifically questions the defendant about it during the Rule 11 hearing or other evidence in the record establishes that the waiver was knowing and voluntary. United States v. Marin, 961 F.2d 493, 496 (4th Cir.1992). Here, there was no mention of the waiver during the Rule 11 colloquy, nor does the record provide assurance that Watson understood the significance of the waiver. See United States v. Davis, 954 F.2d 182, 186 (4th Cir.1992) (valid waiver found despite absence of discussion during Rule 11 colloquy due to defendant's educational background and extensive discussion of plea agreement with counsel). Furthermore, even if the waiver was effective, it would not bar this appeal.
 
 
 5
 The plea agreement provides in part that Watson
 
 
 6
 knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement.
 
 
 7
 Because this language applies only to Watson's sentence, Watson's challenge to the denial of his motion to withdraw his guilty plea is not affected by the waiver. See United States v. Bushert, 979 F.2d 1343, 1347 (11th Cir.1993).
 
 
 8
 Rule 32(d) of the Federal Rules of Criminal Procedure governs motions for withdrawing guilty pleas. Under the rule, the defendant bears the burden of showing a "fair and just" reason for the withdrawal, even if the government has not shown that it would be prejudiced by the withdrawal. United States v. Moore, 931 F.2d 245, 248 (4th Cir.), cert. denied, 60 U.S.L.W. 3261 (U.S.1991). Factors relevant to showing a fair and just reason are (1) credible evidence that the plea was not knowingly and voluntarily made, (2) a credible assertion of innocence, (3) delay between entry of the plea and the motion to withdraw, (4) close assistance of competent counsel, (5) prejudice to the government from withdrawal of the plea, and (6) inconvenience to the court and waste of judicial resource. Id. These are only balancing factors and prejudice to the government should not be considered until the defendant has successfully established that a fair and just reason exists for withdrawing the plea. United States v. Haley, 784 F.2d 1218, 1219 (4th Cir.1986).
 
 
 9
 This Court reviews a district court's decision on a motion to withdraw a guilty plea for abuse of discretion. See United States v. Lambert, 994 F.2d 1088, 1093 (4th Cir.1993). The district court's factual findings in support of its decision to deny the motion will be overturned only if clearly erroneous. See United States v. Suter, 755 F.2d 523, 525 (7th Cir.), cert. denied, 471 U.S. 1103 (1985).
 
 
 10
 The district court's factual finding that Watson's plea was knowingly and voluntarily entered is not clearly erroneous. The court's finding was supported by Watson's responses during the Rule 11 colloquy. In addition, Watson repeatedly admitted his guilt until shortly before he withdrew the guilty plea and does not assert his innocence on appeal. Watson also did not move to withdraw his guilty plea until nearly three months after he entered his plea, but the district court did not consider this a long delay.
 
 
 11
 Watson claims that he received ineffective assistance of counsel. Specifically, he claims that (1) counsel, who knew Watson could not read, misled him into signing a plea agreement that he believed was a suppression motion, (2) counsel talked him into pleading guilty, spent little time with him, and told him that he had no rights and would receive probation if he cooperated, and (3) counsel tricked him into signing the plea agreement by refusing to argue for bond, not requiring physical evidence to be produced at the preliminary hearing, and generally acting against his interest.
 
 
 12
 Counsel's testimony contradicts all these claims. Watson's lawyer said that he read both the plea agreement and the incorporated statement of facts to Watson and explained the important paragraphs to him, and that Watson knew he was signing a plea agreement rather a motion to suppress.[2] He also testified that he told Watson that he would give up certain rights by pleading guilty and denied telling Watson that he had no rights or tricking him into entering a guilty plea. He said that he told Watson that if he provided substantial assistance the government might make a motion for a reduced sentence and, in his experience, courts usually grant such motions. In addition, counsel testified that Watson received a detention hearing and that counsel excluded no important evidence from the bond hearing. Concerning the charge of refusing to demand physical evidence at the preliminary hearing, counsel testified that the only physical evidence available for the hearing was the incriminating tape recording of the drug transaction and counsel did not ask for this tape to be played. Finally, during the Rule 11 plea colloquy, Watson told the court he was satisfied with counsel's representation. In light of these factors, the district court's conclusion that counsel competently represented Watson was not clearly erroneous.
 
 
 13
 Because Watson failed to demonstrate a fair and just reason for withdrawing his guilty plea, it is not necessary to determine whether withdrawal of the plea would prejudice the government. Having properly considered the factors this Court enumerated in Moore, the district court did not exceed its discretion by con cluding that Watson failed to demonstrate a fair and just reason for withdrawing his guilty plea. We therefore affirm Watson's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 In response to the court's questions, Watson stated that he understood the nature of the charges against him and the maximum and minimum punishments
 
 
 [2]
 Although he knew that Watson could not read, counsel admitted that he did not realize "he was as poorly educated and as low a level of intelligence as he is [sic]."