1 F.3d 1235
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Vernon SMITH, Defendant-Appellant.
 No. 92-5651.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 2, 1993.
Decided: July 29, 1993.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.
 Charles C. Henderson, for Appellant.
 Margaret Person Currin, United States Attorney, David P. Folmar, Jr., Assistant United States Attorney, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before PHILLIPS and WILKINSON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 William Vernon Smith appeals from his conviction and sentence pursuant to a guilty plea for conspiracy to import controlled substances in violation of 21 U.S.C. Secs. 952 and 960(a)(1) (1988). Because we find that Smith waived his right to appeal his sentence in his plea agreement and because the district court did not abuse its discretion in denying his motion to withdraw his guilty plea, we affirm.
 
 
 2
 Smith entered into a plea agreement in which he agreed to enter a guilty plea to conspiracy to import marijuana; the government agreed to dismiss the other charges against Smith. In an addendum to the agreement, the government stipulated:
 
 
 3
 that it is unable to establish by independent evidence (i.e., from non-hearsay sources) any of the allegations set forth in Count One (conspiracy) of this Indictment other than the allegations regarding the attempted importation of one hundred and ninety-seven pounds of marijuana seized from the Defendant ...
 
 
 4
 The agreement also contained provisions in which Smith waived his right to appeal "whatever sentence is imposed, including any issues that relate to the establishment of the Guideline range" and which alerted him that "the Court is not bound by any sentence recommendation or agreement as to Guideline application."
 
 
 5
 The district court conducted a hearing pursuant to Fed. R. Crim. P. 11 in which it determined that Smith's guilty plea was freely and voluntarily entered and that he understood the nature of the charges against him and the maximum and minimum punishments. The court and the parties discussed the quantity issue at length during this hearing. The court repeatedly informed Smith that the amount of drugs involved for purposes of determining his relevant conduct could be more or less than the stipulated amount. Smith stated that his intent was to plead guilty only to 197 pounds of marijuana found on his boat, but elected to plead guilty under the terms described by the court.
 
 
 6
 The probation officer found that Smith was responsible for 2430 kilograms of marijuana as relevant conduct. Smith then filed a motion to withdraw his guilty plea because he was held accountable for a quantity of marijuana greater than the amount to which he stipulated. The court denied the motion at Smith's sentencing hearing.
 
 
 7
 Smith asserts that the district court erred when it denied his motion to withdraw his guilty plea because his plea was involuntary and because the government breached his plea agreement. Smith asserts that the government violated the plea agreement when it provided the probation officer who prepared Smith's pre-sentence report with evidence that Smith participated in transactions involving more than 197 pounds of marijuana.
 
 
 8
 Withdrawal of guilty pleas is governed by Fed. R. Crim. P. 32(d). Under the rule, the defendant has the burden of showing a "fair and just" reason for withdrawal, even if the government has not shown that it would be prejudiced by the withdrawal. United States v. Moore, 931 F.2d 245 (4th Cir.), cert. denied, 60 U.S.L.W. 3261 (1991). Factors relevant to showing a fair and just reason are:
 
 
 9
 (1) Credible evidence that the plea was not knowing and voluntary;
 
 
 10
 (2) A credible assertion of innocence;
 
 
 11
 (3) Delay between entry of the plea and the motion to withdraw;
 
 
 12
 (4) Close assistance of competent counsel;
 
 
 13
 (5) Prejudice to the government from withdrawal; and
 
 
 14
 (6) Inconvenience to the Court and waste of judicial resources.
 
 
 15
 Moore, 931 F.2d at 248. These factors are balancing factors only; prejudice to the government should not be considered until the defendant has successfully established that a fair and just reason exists for withdrawing the plea. United States v. Haley, 784 F.2d 1218, 1219 (4th Cir. 1986). The action of the district court on a motion to withdraw a plea is reviewed for an abuse of discretion. United States v. Pitino, 887 F.2d 42, 46 (4th Cir. 1989). The district court's factual findings in support of its decision to deny the motion will be overturned only if clearly erroneous. See United States v. Suter, 755 F.2d 523, 525 (7th Cir.), cert. denied, 471 U.S. 1103 (1985).
 
 
 16
 The district court's factual finding that Smith's plea was knowing and voluntarily entered is not clearly erroneous. The court's finding was supported by Smith's responses during the Rule 11 colloquy. In addition, Smith has never asserted that he in fact was not guilty of the conspiracy, only that he was not guilty of any offense involving more than 197 pounds of marijuana. As for the delay factor, Smith entered his guilty plea on April 27, 1992. He moved to withdraw his plea July 7, 1992, a few days after the presentence report issued and over two months after he entered his plea.
 
 
 17
 Smith has never alleged that he received ineffective assistance of counsel. Though the government asserts that it would be more difficult to locate witnesses if Smith withdrew his plea and requested trial, lack of prejudice to the government is not dispositive even if the government witnesses were available. See Moore, 931 F.2d 248. As the government notes, if Smith were permitted to withdraw his plea, judicial resources would be wasted as a result, and it is unlikely that the outcome of a trial would be any different. Thus, the court did not abuse its discretion in denying Smith's motion to withdraw his guilty plea.
 
 
 18
 Finally, regarding Smith's appeal of his sentence, the plea agreement Smith signed provided that he knowingly and expressly waived all rights to appeal his sentence "reserving only the right to appeal from an upward departure from the Guideline range that is established at sentencing." A defendant who, in pleading guilty, voluntarily and expressly waives his statutory right to raise objections to a guidelines sentence may not then seek to appeal his sentence. United States v. Wiggins, 905 F.2d 51 (4th Cir. 1990); see also United States v. Marin, 961 F.2d 493 (4th Cir. 1992). Therefore, Smith has waived consideration on appeal of the court's determination of drug quantity it used to sentence him.*
 
 
 19
 We therefore affirm Smith's conviction and sentence. We dispense with oral argument since the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 In any event Smith's claims concerning the court's determination that he was responsible for a larger quantity of drugs than he stipulated in his plea agreement are meritless since, as Smith was informed at his guilty plea hearing and at sentencing, the court was not bound by the stipulation. See United States Sentencing Commission, Guidelines Manual, Sec. 6B1.4, p.s. (Nov. 1991). Neither did the court abuse its discretion in eliciting testimony from a witness concerning drug quantity since the court was obliged to determine the correct quantity after specific fact finding when it was disputed. See United States v. Goff, 907 F.2d 1441 (4th Cir. 1990)