UNITED STATES of America, Plaintiff,

v.

Christopher M. JONES, a/k/a "Chris," Defendant.

Civil Action No. 4:95cr38(2).

United States District Court,
E.D. Virginia,
Newport News Division.

March 5, 1996.

**560**

Robert Edward Bradenham, II, Assistant U.S. Attorney, Norfolk, VA, for Plaintiff.

Jeffrey Dean Tarkington, Livesay & Isley, P.C., Portsmouth, VA, for Defendant.

### MEMORANDUM OPINION & ORDER

MORGAN, District Judge.

On November 2, 1995, the Court heard Defendant Christopher M. Jones' plea of guilty and found him guilty as charged to Count One of the indictment charging him with conspiracy to distribute cocaine base in violation of Title 21 U.S.C. § 846. His sentencing was then scheduled for February 2, 1996. Prior to sentencing, Defendant Jones moved the Court to withdraw his plea of guilty as well as to delay the imposition of his sentence. The United States filed objections to Defendant's motions and the Court heard oral argument on both motions prior to the sentencing hearing on February 2, 1996.

The Court considers each motion in turn, and for the following reasons the Court DENIES both of Defendant Jones' Motions.

### I. ANALYSIS

#### A. Motion to Withdraw Guilty Plea

##### i. Legal Standard

■ A court may permit a defendant to withdraw his guilty plea at any time prior to sentencing; however, it may do so only upon a showing of "fair and just reason," Fed. R.Crim.P. 32(e),[1] (redesignated from Rule 32(d) effective December 1, 1994), for "there is no absolute right to withdrawal." *United States v. Hurtado,* 846 F.2d 995, 997 (5th Cir.1988), *cert. denied,* 488 U.S. 863, 109 S.Ct. 163, 102 L.Ed.2d 133 (1988); *see also United States v. Benavides,* 793 F.2d 612, 616 (5th Cir.), *cert. denied,* 479 U.S. 868, 107 S.Ct. 232, 93 L.Ed.2d 158 (1986); *United States v. Barker,* 514 F.2d 208, 221 (D.C.Cir.), *cert. denied,* 421 U.S. 1013, 95 S.Ct. 2420, 44 L.Ed.2d 682 (1975). A court should consider the following when entertaining any withdrawal motion:

(1) whether the defendant has offered credible evidence that his plea was not knowing or voluntary,[2] (2) whether the defendant has credibly asserted his legal innocence,[3] (3) whether there has been a delay between the entering of the plea and the filing of the motion;[4] (4) whether de-

---

1. "Plea Withdrawal. If a motion to withdraw a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason. At any later time, a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255." Fed.R.Crim.P. 32(e) (formerly Rule 32(d)), Notes of the Committee on the Judiciary, 1994 Amendment, H.R. No. 94-147. At either point, "the defendant has the burden of satisfying the trial judge that there are valid grounds for withdrawal" of the plea, even prior to sentencing. *United States v. Michaelson,* 552 F.2d 472 (2d Cir.1977).

2. In this case Defendant Jones has not asserted that his plea was made involuntarily. *See* discussion *infra* part I.A.ii.a.

3. On the contrary, Defendant Jones reasserted his legal guilt in sworn testimony before the Court in this hearing. *See infra* note 14 and accompanying text.

4. The amount of time between the guilty plea and the filing of the motion to withdraw the plea is but one significant factor in this case weighing against Defendant Jones:

A swift change of heart is itself strong indication that the plea was entered in haste and confusion; furthermore, withdrawal shortly after the event will rarely prejudice the Government's legitimate interests. By contrast, if the defendant has long delayed his withdrawal motion, and has had the full benefit of competent counsel at all times, the reasons given to support withdrawal must have considerably more force.

fendant has had close assistance of competent counsel,[5] (5) whether withdrawal will cause prejudice to the government,[6] and (6) whether it will inconvenience the court and waste judicial resources.[7] *United States v. Moore,* 931 F.2d 245 (4th Cir.), *cert. denied,* 502 U.S. 857, 112 S.Ct. 171, 116 L.Ed.2d 134 (1991)[8]; *see also United States v. Haley,* 784 F.2d 1218, 1219 (4th Cir.1986); *United States v. Hurtado,* 846 F.2d at 997 (citing *United States v. Carr,* 740 F.2d 339, 343–44 (5th Cir.1984), *cert. denied,* 471 U.S. 1004, 105 S.Ct. 1865, 85 L.Ed.2d 159 (1985)). "Because a guilty plea is a waiver of substantial constitutional rights, it must be a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences." *United States v. French,* 719 F.2d 387, 390 (11th Cir.1983), *cert. denied,* 466 U.S. 960, 104 S.Ct. 2174, 80 L.Ed.2d 557 (1984). However, where a plea is truly knowing and voluntary, no one of these factors itself justifies withdrawal. *United States v. Hurtado,* 846 F.2d at 997.

■ The Fourth Circuit had originally articulated a rule requiring the government to show prejudice in order to defeat such a motion. A 1977 decision appeared to hold that absent any government showing that prejudice would arise if the motion were granted, "the defendant should be allowed to

withdraw his plea," as only upon such a showing should the Court engage in the balancing test at all. *United States v. Savage,* 561 F.2d 554 (4th Cir.1977). However, an amended Rule 11[9] provided a full inquiry into the voluntariness of the plea when it was taken, as well as advice to a defendant regarding the consequences of his plea. Thus, pleas are no longer viewed as "tentative" and subject to withdrawal prior to sentencing, even where the government cannot prove prejudice. *See* Fed.R.Crim.P. 32(e) advisory committee's note (1983 Amendment). Applying factors such as those enumerated in *United States v. Moore, supra* text accompanying notes 2–8, courts examine first whether the defendant demonstrates a "fair and just" reason for the requested plea withdrawal, and only "if the defendant establishes such a reason, is it then appropriate to consider whether the government would be prejudiced by withdrawal of the plea." Fed.R.Crim.P. 32(e) advisory committee's note (1983 Amendment).

■ The Fourth Circuit has adopted this majority interpretation,[10] and in a 1986 decision it agreed that a defendant must bear the Rule 32(e) burden of showing a "fair and just" reason for withdrawal of a plea before a court would look to whether the government would be prejudiced by the withdrawal.

---

*United States v. Barker,* 514 F.2d 208, 222 (D.C.Cir.1975) (citations omitted).

5. Defendant Jones has not alleged ineffective assistance of counsel, or that he did not have close assistance of counsel in deciding to make his plea. *See infra* note 17.

6. The government notes that pursuant to his plea agreement, Defendant Jones has been debriefed and has produced incriminating evidence as to his role in the conspiracy. Should his plea be withdrawn and this information not later be available for use against him, the government argues that substantial prejudice would instead arise against it. *See infra* note 16.

7. The factors that speak most straightforwardly to the question whether the movant has a fair and just reason to upset settled systemic expectations by withdrawing her plea are the first, second, and fourth. In contrast, the third, fifth, and sixth factors are better understood as countervailing considerations that establish how heavily the presumption should weigh in any given case.

*United States v. Sparks,* 67 F.3d 1145, 1154 (4th Cir.1995); *see infra* note 16.

8. It bears emphasis that *Moore* did not purport to set forth a rigidly mechanistic test, for the conspicuous fuzziness of Rule 32[ (e)'s] operative terms—"fair and just"—precludes such an endeavor. Rather, *Moore* articulated six considerations that should inform a district court's inescapably impressionistic judgment as to whether a defendant's reasons for moving to withdraw her guilty plea are sufficient to satisfy the language and purpose of Rule 32. *United States v. Sparks,* 67 F.3d 1145, 1154 (4th Cir.1995) (citing *United States v. Moore,* 931 F.2d 245 (4th Cir.), *cert. denied,* 502 U.S. 857, 112 S.Ct. 171, 116 L.Ed.2d 134 (1991)).

9. Federal Rule of Criminal Procedure 11.

10. *See United States v. Lambey,* 974 F.2d 1389 (4th Cir.1992) (en banc), *cert. denied,* —— U.S. ——, 115 S.Ct. 672, 130 L.Ed.2d 605 (1994) (noting that *United States v. Savage* had been superseded).

*United States v. Haley,* 784 F.2d at 1219; *see also United States v. Smith,* 1 F.3d 1235, No. 92–5651, 1993 WL 290897, at *1–2 (4th Cir. (N.C.) July 29, 1993), *cert. denied,* — U.S. ——, 114 S.Ct. 1078, 127 L.Ed.2d 395 (1994) (citing *United States v. Moore,* 931 F.2d 245; *United States v. Haley,* 784 F.2d at 1219 (noting that even where the government admits that it would not be prejudiced by a withdrawal of a guilty plea, the defendant must still show a fair and just reason for the modification before a court should examine its propriety)); Fed.R.Crim.P. 32(e). The Court also now places emphasis in its consideration on whether or not a defendant asserts that he was not in fact guilty, or whether he merely argues a technicality. *See United States v. Smith,* 1993 WL 290897, at **2. In fact, the Court has now recognized that "it is essential to an orderly working of the criminal justice system that guilty pleas tendered and accepted in conformity with Rule 11 can be presumed final" and therefore, "it is the defendant's burden to demonstrate that she should be permitted to withdraw her plea." *United States v. Sparks,* 67 F.3d 1145, 1154 (4th Cir.1995) (citing *United States v. Lambey,* 974 F.2d 1389, 1394–95 (4th Cir.1992) (en banc), *cert. denied,* — U.S. ——, 115 S.Ct. 672, 130 L.Ed.2d 605 (1994); *United States v. Moore,* 931 F.2d at 248).

The circuits recognize much judicial discretion at the trial level with regard to these pleas—a district court's abuse of discretion must be shown before its decision on the plea withdrawal will be overturned. *See U.S. v. Marcum,* 16 F.3d 599, 602 (4th Cir.

1994); *United States v. Lambey,* 974 F.2d at 1393; *United States v. Suter,* 755 F.2d 523, 525 (7th Cir.), *cert. denied,* 471 U.S. 1103, 105 S.Ct. 2331, 85 L.Ed.2d 848 (1985); *United States v. Barker,* 514 F.2d at 220.

### ii. Jones' Motion to Withdraw his Guilty Plea

#### a. "Fair and Just" Reason

The Federal Rules of Criminal Procedure are clear and the circuits have generally been consistent in requiring defendants to bear the initial burden of showing a fair and just reason for their plea withdrawal.[11] Therefore, the Court examines Defendant Jones' proffered reasons for requesting the plea retraction using this standard.

Jones attempts to justify the motion to withdraw his plea by declaring that the question of prosecutorial misconduct raised by two of his co-defendants was not known to him at the time he pled guilty, and that this issue would in fact have been material to his decision to plead guilty.[12] He stated under oath before the Court that he became aware of possible irregularities in the indictment only when these co-defendants raised the issue before the Court after he had pled guilty.[13] However, the Court notes that Jones also admits that he is satisfied with the assistance his counsel has provided him throughout, that no one threatened or forced him to plead guilty, and that he is guilty of the felony as charged in the indictment.[14] Following the prevailing jurisprudence, reasons such as those advanced by Jones would

11. The "fair and just" standard which has become the standard applied to presentence motions originated in dictum found in *Kercheval v. United States,* 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927).

12. By order of this Court on December 21, 1995, the indictment was dismissed with regard only to two of Jones' co-defendants due to a non-frivolous showing of improper selective prosecution based on race in obtaining the indictment. This order was stayed pending appeal by the United States to the United States Court of Appeals for the Fourth Circuit.

13. The facts cited by Jones' co-defendants in support of their selective prosecution motion

were based on discovery documents only made available several days before trial. Accordingly, neither the defendant nor his attorney had any practical opportunity to become aware of such facts prior to his pleading guilty.

14. "Whether the movant has asserted his legal innocence is an important factor to be weighed" when determining whether to allow his motion to withdraw the plea. *United States v. Barker,* 514 F.2d at 220. However, "the mere assertion of a legally cognizable defense is [not] always a sufficient condition for securing withdrawal of a plea.... [For] [w]ere mere assertion of legal innocence always a sufficient condition for withdrawal, withdrawal would effectively be an automatic right." *Id.* at 221.

not constitute a "fair and just reason" for withdrawal of a plea.

Jones nevertheless argues that the Fourth Circuit only arrived at this conclusion in *Haley* because that defendant "had known all the facts of his supposed defense at the time he made his guilty plea." *United States v. Haley*, 784 F.2d at 1219. This Court is not persuaded that *Haley* hinged on this point; in fact, the Supreme Court in *Tollett v. Henderson* denied a defendant's collateral challenge of discrimination in the selection of the grand jury even though facts pertaining to the jury selection process were unknown to him at the time of the indictment and plea. 411 U.S. 258, 264–69, 93 S.Ct. 1602, 1607–08, 36 L.Ed.2d 235 (1973). In light of the relative success of the motions made by some of Jones' co-defendants, he "may believe that [he] made a strategic miscalculation...., however, ... such grounds do not justify setting aside an otherwise valid guilty plea." *United States v. Broce*, 488 U.S. 563, 571, 109 S.Ct. 757, 765, 102 L.Ed.2d 927 (1989).

■ Jones essentially premises his motion to withdraw his guilty plea upon the simple fact that other co-defendants have an appeal pending before the Fourth Circuit regarding the propriety of their mutual indictment. This reason does not outweigh the other factors against him,[15] namely delay, prejudice to the prosecution,[16] presence of effective counsel,[17] inconvenience to the Court, lack of evidence or argument that the plea was not made knowingly and voluntarily, and his frank, renewed acknowledgement of his guilt as to the charges in the indictment.[18]

■ A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action. More particularly, absent misrepresentation or other impermissible conduct by state agents, a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise.

*Brady v. United States*, 397 U.S. 742, 757, 90 S.Ct. 1463, 1473, 25 L.Ed.2d 747 (1970). The decision to put forward a guilty plea "frequently involves the making of difficult judgments." *McMann v. Richardson*, 397 U.S. 759, 769, 90 S.Ct. 1441, 1448, 25 L.Ed.2d 763 (1970). Thus, the Court will not treat such a plea lightly—it is a "grave and solemn act" which should be "accepted only with care and discernment" by the Court at the first instance and not later dismissed lightly. *Brady v. United States*, 397 U.S. at 748, 90 S.Ct. at 1468.

Accordingly, the Court **FINDS** no fair and just reason to grant Jones' motion to withdraw his guilty plea.

---

**15.** Evidence regarding factors one, two, and four from the *United States v. Moore* test tallies particularly strongly against his motion in this case. *See supra* notes 2, 3 & 5 and accompanying text.

**16.** Prejudice to the prosecution is considered by the Court, for "withdrawal of a guilty plea almost invariably prejudices the government to some extent and wastes judicial resources". *United States v. Sparks*, 67 F.3d 1145, 1154 n. 5 (4th Cir.1995). The evidence before the Court is sufficient to prove its presence in this case, since the government may be barred from using certain evidence against Jones at trial.

**17.** The Defendant has not alleged that counsel was ineffective. Where a trial court complies with Rule 11 in accepting the guilty plea, it has ensured

that respondents were advised that, in pleading guilty, they were admitting guilt and waiving their right to a trial of any kind. A failure by counsel to provide advice may form the basis of a claim of ineffective assistance of counsel, but absent such a claim it cannot serve as the predicate for setting aside a valid plea.

*United States v. Broce*, 488 U.S. 563, 574, 109 S.Ct. 757, 764–65, 102 L.Ed.2d 927 (1989).

**18.** The Supreme Court in *United States v. Broce* held that when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative, then the conviction and the plea, as a general rule, foreclose the collateral attack.

488 U.S. at 568, 109 S.Ct. at 762. It also emphasized that "[i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508, 104 S.Ct. 2543, 2546–47, 81 L.Ed.2d 437 (1984).

### b. Non–Jurisdictional Claim

The Court next examines whether the impropriety alleged by some of Jones' co-conspirators would be a constitutional violation of the nature that would "stand in the way of conviction if factual guilt is validly established." *Menna v. New York,* 423 U.S. 61, 63 n. 2, 96 S.Ct. 241, 242 n. 2, 46 L.Ed.2d 195 (1975) (per curiam). If this allegation of selective prosecution is such a constitutional violation, then Jones' motion to withdraw his guilty plea may nonetheless be justified.

■■■ "[A] plea of guilty admits all of the elements of a criminal charge, and waives all challenges to the prosecution either by direct appeal or by collateral attack, except challenges to the court's jurisdiction." *Mack v. United States,* 853 F.2d 585, 586 (8th Cir. 1988) (citing *Hayle v. United States,* 815 F.2d 879, 881 (2d Cir.1987)); *see also United States v. Broce,* 488 U.S. at 570, 109 S.Ct. at 762 (noting that guilty pleas are more than confessions to certain acts, they are admissions that the defendant committed the substantive crime charged) (citations omitted); *United States v. Jackson,* 659 F.2d 73, 74 (5th Cir.1981), *cert. denied,* 455 U.S. 1003, 102 S.Ct. 1637, 71 L.Ed.2d 870 (1982); *O'Leary v. United States,* 856 F.2d 1142, 1143 (8th Cir.1988) (agreeing with the rule that "[i]n pleading guilty, a defendant admits all of the factual allegations in the indictment.") (citing *United States v. DiFonzo,* 603 F.2d 1260, 1263 (7th Cir.1979) *cert. denied,* 444 U.S. 1018, 100 S.Ct. 672, 62 L.Ed.2d 648 (1980); *Parrott v. Brewer,* 421 F.2d 1386, 1388 (8th Cir.1970) (per curiam)); *Rosecrans v. United States,* 378 F.2d 561, 567 (5th Cir.1967) (confirming the accepted notion that "[a] plea of guilty is not a mere admission or extrajudicial confession of guilt, but it is a conviction, and is as conclusive as the verdict of a jury."). The circuits are in general agreement that "jurisdictional" claims—claims questioning the very power of the State to bring the defendant into court, *see Blackledge v. Perry,* 417 U.S. 21, 30, 94 S.Ct. 2098, 2103, 40 L.Ed.2d 628 (1974)—are the *only* bases for appeal *not* waived by a guilty plea. *See United States v. Broncheau,* 597 F.2d 1260, 1262 n. 1 (9th Cir.), *cert. denied,* 444 U.S. 859, 100 S.Ct. 123, 62 L.Ed.2d 80 (1979) (finding that claims that "the applicable statute is unconstitutional or that the indictment fails to state an offense" are jurisdictional claims); *United States v. Broce,* 488 U.S. at 575, 109 S.Ct. at 765 (clarifying that the limited application of this exception should be to cases where a judge can determine from the face of the indictment and record at the time of accepting the guilty plea that the government lacked the power to bring the indictment).

Rule 12(b) specifies that "[d]efenses and objections based on defects in the institution of the prosecution" or "based on defects in the indictment or information (other than that it fails to show jurisdiction in the court or to charge an offense which objections shall be noticed by the court at any time during the pendency of the proceedings)" must be raised by motion prior to trial. Fed. R.Crim.P. 12(b)(1), (2). The notes of the advisory committee on rules clarify the groups of defenses and objections which must be raised prior to trial or to a plea of guilty or else be waived. *Id.* at notes of advisory committee on rules (1944 Adoption). Among these objections and defenses are defects in the indictment "other than lack of jurisdiction or failure to state an offense, etc." *Id.; see also United States v. Schmidt,* 935 F.2d 1440, 1450 (4th Cir.1991) (finding a claim of selective prosecution on appeal to have been waived when the claimants failed to comply with Rule 12(b)(1) and raise the claim prior to trial) (citing *United States v. Taylor,* 562 F.2d 1345, 1356 (2d Cir.), *cert. denied sub nom., Salley v. United States,* 432 U.S. 909, 97 S.Ct. 2958, 53 L.Ed.2d 1083 (1977) *and cert. denied sub nom., Ramsey v. United States,* 434 U.S. 853, 98 S.Ct. 170, 54 L.Ed.2d 124 (1977) *and cert. denied sub nom., Green v. United States,* 434 U.S. 853, 98 S.Ct. 170, 54 L.Ed.2d 124 (1977) *and cert. denied sub nom., Wesley v. United States,* 434 U.S. 853, 98 S.Ct. 170, 54 L.Ed.2d 124 (1977)); *United States v. Schmitz,* 887 F.2d 843, 844 (8th Cir.1989) (holding that "a valid plea waives all non-jurisdictional objections, such as that the indictment was based on false information.") (citation omitted); *United States v. Fairchild,* 803 F.2d 1121, 1124 (11th Cir.1986) (finding that claims of prosecutorial vindictiveness and an insufficient fac-

tual basis to support an indictment are non-jurisdictional claims and hence, are waived by a knowing and voluntary guilty plea); *Marrow v. United States,* 772 F.2d 525, 527 (9th Cir.1985) ("Once a defendant pleads guilty he cannot raise independent claims of deprivation of constitutional rights that occurred prior to the entry of the guilty plea.") (citing *Tollett v. Henderson,* 411 U.S. at 266–67, 93 S.Ct. at 1607–08; *Mayes v. Pickett,* 537 F.2d 1080, 1082–85 (9th Cir.1976), *cert. dismissed,* 434 U.S. 801, 98 S.Ct. 27, 54 L.Ed.2d 60, *and cert. denied,* 431 U.S. 924, 97 S.Ct. 2198, 53 L.Ed.2d 238 (1977)); *United States v. Yunis,* 723 F.2d 795, 796 (11th Cir.1984) (noting that the "right to a speedy trial has repeatedly been held to be nonjurisdictional" and thus, that a "defendant cannot plead guilty and preserve for appeal a speedy trial claim.").

■ Hence, if a defendant cannot show a jurisdictional defect such that the "indictment on its face fails to state an offense," then that defendant's appeal from his guilty plea must fail, as the plea waived all other challenges. *O'Leary v. United States,* 856 F.2d at 1143 (citing *United States v. DiFonzo,* 603 F.2d at 1263); *see also Mack v. United States,* 853 F.2d at 586 (affirming that "[i]n order for a defendant who has pleaded guilty to sustain a challenge to the district court's jurisdiction, he must establish that the face of the indictment failed to charge a federal offense."); *see cf., United States v. Barboa,* 777 F.2d 1420, 1423 n. 3 (10th Cir.1985) (holding that a guilty plea "does not bar a claim that the defendant may not constitutionally be convicted in the first instance, 'no matter how validly his factual guilt is established'" where a defendant pled guilty to something that was not a crime) (citing *Menna v. New York,* 423 U.S. at 62–63 n. 2, 96 S.Ct. at 242 n. 2).

■ The Supreme Court essentially pronounced a method for determining whether a defendant's protestation amounted to one of jurisdictional proportions when it held that "a plea of guilty to a charge does not waive a claim that—*judged on its face*—the charge is one which the State may not constitutionally prosecute." *United States v. Broce,* 488 U.S. at 575, 109 S.Ct. at 765 (citing *Menna v. New York,* 423 U.S. at 63, n. 2, 96 S.Ct. at 242, n. 2) (emphasis added in *Broce*). In this case, Jones' indictment was and is facially valid; a court could determine that a defendant may be constitutionally prosecuted under it. This result arises because his co-defendants' claims of selective prosecution, if proven, are latent defects in the indictment. Hence, although these allegations would amount to constitutional violations if they were proven accurate, as with other constitutional violations like prosecutorial vindictiveness, they are non-jurisdictional claims. *See e.g. Marrow v. United States,* 772 F.2d at 527. A plea of guilty simply waives independent claims of infringement of constitutional rights occurring prior to the entry of that plea unless those claims are jurisdictional in nature. *See Tollett v. Henderson,* 411 U.S. at 266–67, 93 S.Ct. at 1607–08.

By way of example, if one of two or more defendants jointly indicted pleads guilty and another defendant thereafter successfully moves to suppress evidence crucial to the prosecution of all defendants, should the Court permit a defendant to withdraw his guilty plea? By implication authorities suggest the guilty plea should stand, as the indictment would still be valid on its face, and only an examination of the underlying evidence would uncover the constitutional challenge.[19] It follows that not all after-discovered constitutional violations may be grounds for withdrawal of an otherwise proper guilty plea.

Finding no fair and just reason to grant Jones' motion to withdraw his guilty plea, and determining that the allegations of selective prosecution, if proven, are latent defects in the indictment which do not render it

**19.** The Supreme Court in *United States v. Broce* held that defendants' double jeopardy challenges brought after conviction pursuant to pleading guilty were foreclosed because they had relinquished their opportunities to assert this defense by admitting the legal elements necessary to sustain a binding final judgment of guilt. Where movants "cannot prove their claim by relying on those indictments and the existing record. . . . and they cannot prove their claim without contradicting those indictments" their motion cannot be granted, for "that opportunity is foreclosed by the admissions inherent in their guilty pleas." 488 U.S. at 576, 109 S.Ct. at 766.

invalid on its face, the Court **DENIES** Jones's motion to withdraw his guilty plea.

### B. Motion to Delay the Imposition of Sentence

Since the Court has found that Jones' co-defendants' allegation of selective prosecution in securing their indictment is not a jurisdictional claim, should the Court stay the imposition of Jones' sentence? With regard to non-jurisdictional claims, the general rule applies that "a guilty plea erases claims of constitutional violation arising before the plea." *United States v. Montilla,* 870 F.2d 549, 552 (9th Cir.1989), *amended by* 907 F.2d 115 (9th Cir.1990); *see also United States v. Broce,* 488 U.S. at 569, 109 S.Ct. at 761–62 (holding that where the record shows the court had the power to enter the conviction and impose the sentence, and where the guilty plea was counseled and voluntary, "then the conviction and the plea, as a general rule, foreclose the collateral attack."). Hence, where a defendant's claims are non-jurisdictional, no basis presents itself for any appeal on those allegations after a valid guilty plea is taken.

■ In this case, Jones presented no indication that the pendency of the indictment's appeal on selective prosecution charges by other defendants under the same indictment is "somehow imbued with the attributes of jurisdiction"; thus, "the voluntary plea of guilty has obviated the [indictment] issue for appeal." *United States v. Gipson,* 835 F.2d 1323, 1324 (10th Cir.), *cert. denied,* 486 U.S. 1044, 108 S.Ct. 2038, 100 L.Ed.2d 623 (1988) (footnote omitted). While some cases reflect the fact that an actual "defect" in the indictment would not be waived by a guilty plea, as it is considered to be "jurisdictional," *see United States v. Morales–Ro-*

*sales,* 838 F.2d 1359, 1361–62 (5th Cir.1988); *United States v. Rivera,* 879 F.2d 1247, 1251 (5th Cir.1989), *cert. denied,* 493 U.S. 998, 110 S.Ct. 554, 107 L.Ed.2d 550 (1989), these cases refer to criminal indictments which fail to allege each essential fact or element constituting the offenses charged, and hence, which fail to actually charge an offense. *See United States v. Morales–Rosales,* 838 F.2d at 1361. Unlike these cases, the Court believes Jones' situation to be most analogous to cases in which a defendant enters a valid plea of guilty and later seeks to reopen the proceedings due to newly discovered indications of prosecutorial discrimination or other impropriety in securing the indictment to which he pled guilty.[20] As in these cases, Jones' claims are foreclosed by the entry of his sound guilty plea.

Jones' case is also analogous to cases in which certain of joined defendants chose to plead guilty and certain others chose to file various motions or to proceed to trial.[21] When those who chose to plead guilty have watched the other proceedings "with awe, if not envy" at their outcomes and later attempted to follow suit, the Supreme Court has found that they "sought to profit from [the other defendants'] success" when they subsequently filed motions based upon the other proceedings. *United States v. Broce,* 488 U.S. at 567, 109 S.Ct. at 761.

This Court finds this reasoning and the similarity of the situations persuasive. Having denied the Defendant's motion to withdraw his guilty plea, there is no rationale justifying postponing sentencing and accordingly, the Court **DENIES** Jones' motion to delay the imposition of his sentence.

> [J]ust as the guilty pleas in [others of our cases] were found to foreclose direct inquiry into the merits of claimed, antecedent constitutional violations there, we conclude that respondent's guilty plea here alike forecloses independent inquiry into the claim of discrimination in the selection of the grand jury. *Id.*

---

**20.** For example, In *Tollett v. Henderson,* the defendant pleaded guilty to first-degree murder but later filed a petition for habeas corpus which claimed that his plea should be set aside, as he alleged that black citizens were excluded from the grand jury which indicted him. 411 U.S. 258, 93 S.Ct. 1602. The Supreme Court held that the defendant's collateral challenge of discrimination in the selection of the grand jury was foreclosed by his plea; thus it was irrelevant that facts pertaining to the selection of the grand jury which indicted him were unknown prior to his plea of guilty. *Id.* at 266, 93 S.Ct. at 1607.

**21.** In this case, other defendants under the same indictment have attacked the indictment prior to trial.

The clerk is **REQUESTED** to send a copy of this order to the Defendant and to all counsel of record.

IT IS SO **ORDERED.**